[No. 175-2.   Division Two.   July 7, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS MORGISON, *Appellant.*

*Van Buskirk, Haas & Rorem* and *Henry Haas,* for appellant.

*S. Brooke Taylor, Prosecuting Attorney,* for respondent.

PEARSON, J.—Defendant appeals from convictions of sodomy, bribery, and contributing to the delinquency of minors. The state's case on these charges depended largely upon the testimony of two primary witnesses, Dempsey and Claussen, who testified to acts of sodomy and to having received beer as minors from the defendant. These two also testified that defendant attempted to give them certain gratuities in exchange for false testimony, with reference to the pending charges.

Dempsey and Claussen initially made written statements to the Sheriff of Clallam County which were consistent with their testimony at trial. Later they made other statements to a private investigator which repudiated the state-

ments made to the sheriff. At trial, the witnesses testified that these second statements were made because defendant induced them with promises of money and a new car. If believed, this evidence is sufficient to support the convictions appealed from.

■ The first assignment of error relates to the application of RCW 9.18.080 and RCW 10.52.090, which relate to immunity from prosecution of parties to bribery who testify. It is argued that the trial court's application of such immunity violates article 1, section 9 of the Washington State Constitution and the fifth and fourteenth amendments to the United States Constitution. We need not reach the merits of this contention, since it is the defendant and not the witnesses against him who raise it. The privilege against self-incrimination is personal to the witness who may be incriminated by testifying. He may assert it or waive it. However, a third party may not assert it for him. *State v. Parker*, 79 Wn.2d 326, 485 P.2d 60 (1971); *Rogers v. United States*, 340 U.S. 367, 95 L. Ed. 344, 71 S. Ct. 438, 19 A.L.R.2d 378 (1951).

Here the witnesses were informed of the privilege against self-incrimination and chose to testify. The defendant cannot be heard to say that their choice should have been a different one, had the court explained their immunity differently. The primary interest of the courts is arriving at the truth. This policy is best advanced by full disclosure of what each witness knows of the event under consideration, unless some compelling reason exists for not having such full disclosure. No such reason exists under these facts. *See State v. Johnson*, 77 Wn.2d 423, 462 P.2d 933 (1969). *State v. Parker, supra.*

As the Supreme Court stated in *State v. Wilkins*, 156 Wash. 456, 287 P. 23 (1930), the defendant lacks standing to assert the privilege personal to a witness. We are unable to say that if some other, broader immunity were granted to these witnesses (which we do not decide would be necessary or proper), they would then tell a different story. Credibility of witnesses is for the jury to determine.

■ Error is also assigned to the admission, over objection, of testimony from witness Claussen about the defendant's plan to sue Clallam County for malicious prosecution and thereby obtain funds with which to buy the witness a new car. Other testimony indicates that the defendant offered to give a new car to the witness in return for favorable testimony. This was the gravamen of one of the bribery counts. Testimony about how the defendant intended to get money with which to buy this car is relevant and material to the charge of bribery and so was properly admissible. *State v. Barnett,* 70 Wn.2d 420, 423 P.2d 527 (1967).

Next, error is assigned to the allowance of an amendment to one charge at the conclusion of the evidence. The change involved substituting *"furnishing liquor to a minor"* for *"contributing to the delinquency of a minor."* The actual charging language detailed what the offense was and this was not amended. We can see no prejudice to the defendant in this case. The amendment was proper under CrR 101.04W(b).

Another assignment of error relates to trial tactics and the process of tactical decision-making among various attorneys who were retained by the defendant. First, none of the correspondence which raises this issue appears anywhere in the record. However, even overlooking this procedural ground, the contention has no merit. We have reviewed the record and appellant received vigorous representation by the effective trial counsel. Defendant received a fair trial at which his interests were well represented and so the decisions objected to would not constitute error, even if they were properly before us. *State v. Gilmore,* 76 Wn.2d 293, 456 P.2d 344 (1969).

■ The remaining assignments of error relate to the giving of several instructions to the jury and the failure to give others which were proposed. These instructions, which we set out in the margin,[1] all relate to the credibility of

---

[1] The disputed instruction 7 reads: "Evidence has been introduced in this case that at some other time certain witnesses may have said or done something, or may have failed to say or do something, which is

witnesses and the effects of impeachment on credibility. We think that the trial court gave adequate, neutral instructions, which set out the correct law on credibility of witnesses. The instructions must, of course, be considered as a whole.

In addition to the challenged instruction 7, the trial court's instruction 6[2] must be considered. When both these instructions are read together, it is clear that the defendant could argue that the state's two major witnesses had been impeached and that their testimony was unworthy of belief. If counsel may satisfactorily argue his theory of the case on the basis of the instructions given, those instructions are sufficient. *State v. Dana,* 73 Wn.2d 533, 439 P.2d 403 (1968). Such, we think, is the case here. At any rate, defendant's

---

consistent with, or inconsistent with, their testimony at the trial. This evidence is to be considered by you only for the purpose of determining the credibility of those witnesses and the weight to be given their testimony and is not to be considered by you for any other purpose."

In place of this instruction, it was proposed that the following be given:

"A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony; or by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

"If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

"If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony of other particulars; and you may reject all the testimony of that witness, or give it such credibility as you think it deserves.

"An act or omission is 'knowingly' done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason."

[2]Instruction 6 reads: "You are the sole judges of the credibility of the witnesses and of what weight is to be given to the testimony of each. In determining what credit is to be given any witness, you may take into account his ability and opportunity to observe, his memory, his manner and appearance while testifying, any interest, bias or prejudice he may have, and the reasonableness of his testimony considered in the light of all the evidence, and any other factors that bear on believability and weight."

252

proposed instructions were so slanted that they could not properly be given. There was no prejudicial error in regard to the instructions or otherwise.

Affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied August 17, 1971.

Review denied by Supreme Court September 21, 1971.