[No. 1397-3.  Division Three.  July 7, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN R. ESPELAND, *Petitioner*.

*Losee & Boardman* and *A. J. Losee*, for petitioner.

*L. Eugene Hanson, Prosecuting Attorney*, for respondent.

MUNSON, J.—Petitioner seeks a dismissal because of a failure to comply with CrR 3.3.[1] We grant the dismissal.

[1]"(a) **Responsibility of Court.** It shall be the responsibility of the court to ensure to each person charged with crime a speedy trial in accordance with the provisions of this rule. ·

"(b) **Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

"(c) **Priority Over Civil Cases.** Criminal trials shall take precedence over civil. A defendant unable to obtain pretrial release shall have priority and the charge shall be brought to trial within 60 days following the preliminary appearance.

"(d) **Excluded Periods.** The following periods shall be excluded in computing the time for trial:

"(1) All proceedings relating to the competency of the defendant to stand trial.

"(2) Preliminary proceedings and trial on another charge.

Because this case is determined by the provisions of CrR 3.3, we chronologically set forth the pertinent dates:

September 14, 1974—Petitioner was arrested after issuance of a warrant and released upon posting bail.

September 16, 1974—Petitioner was arraigned in superior court and entered a plea of not guilty. At that time, the following transpired:

THE COURT: . . . We will set an Omnibus Hearing for October 7th. Do you wish to have a trial date set now or at that time?

MR. BOARDMAN: I prefer to wait until the Omnibus Hearing, there's a couple of matters that I would like to bring up at this time mainly on the condition of release.

October 7, 1974—An omnibus hearing was held. Trial date was orally set for December 19, 1974—94 days after petitioner's preliminary hearing—giving the case a fifth priority setting for that date. The record does not disclose whether the other cases set for that date were criminal or civil.

October 15, 1974—Order of trial setting for December 19, 1974, entered.

---

"(3) Delay granted by the court pursuant to section (e).

"(4) Delay in justice court resulting from a stipulated continuance made of record.

"(5) Delay resulting from the absence of the defendant.

"(6) The time between the dismissal and the refiling of the same charge.

"(e) **Continuances.** Continuances or other delays may be granted as follows:

"(1) On motion of the defendant on a showing of good cause.

"(2) On motion of the prosecuting attorney if:

"(i) the defendant expressly consents to a continuance or delay and good cause is shown; or

"(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or

"(iii) required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(3) The court on its own motion may continue the case when required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

"(f) **Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice."

December 18, 1974—Petitioner's counsel informally learned a criminal trial then in progress would not be completed in time to begin petitioner's trial December 19; further that the fourth priority case set for December 19 was still scheduled for trial.

December 20, 1974—Petitioner moved for dismissal pursuant to CrR 3.3(b); the 90-day period following petitioner's preliminary appearance having expired on December 15, petitioner claimed he was entitled to dismissal.

December 27, 1974—Order resetting petitioner's trial, as second priority case on January 7, 1975.

December 30, 1974—Argument on petitioner's motion to dismiss. Motion denied. At that time the trial court observed:

(a) The judicial district of Klickitat-Skamania County has only one judge (RCW 2.08.064).

(b) An exceptional number of similar cases were filed in both counties at approximately the same time, which did not allow the judge to borrow time from one county "to fulfill the requirements of a speedy trial" in the other county, thus creating an unavoidable congestion.

(c) In an attempt to get cases tried, the court had set from two to five cases per trial day, with an obvious experience that settlements or change of pleas occurred regularly, thus relieving the trial docket; but on occasion, these would not occur in cases set the same day, thus requiring resettings.

(d) To "slavishly follow" the specific time limits established by the rules of criminal procedure would do "more violence to the administration of justice . . . than . . . good." The rule did allow exceptions where the trial court found the need to continue the case on its own motions "in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense." (CrR 3.3(e)) This case was within that exception.

(e) One alternative for a prosecutor would be to withhold filing some cases until the trial docket cleared so as to

allow compliance with the time periods of CrR 3.3—an alternative "that is probably more of a traversity [sic] in the administration of justice than . . . having some cases run over the 60 or 90 days where it is unavoidable . . ."

January 7, 1975—Order entered denying petitioner's motion to dismiss. Petitioner learned that the first priority case for that day was going to trial and his case would follow. He then requested, and was granted, a continuance to apply to this court for a writ of certiorari. His motion for reconsideration was denied on January 20, 1975.

January 21, 1975—Petitioner related in his application for a special writ, in addition to the above, that seven civil jury and nonjury trials had been heard in Klickitat County between September 17 and November 1; and that neither he nor the prosecuting attorney had requested a continuance for any reason prior to seeking this writ.

Trial has not occurred due to the pendency of petitioner's application which, as agreed, was heard on the merits.[2]

Respondent contends that the provisions of CrR 3.3 were not abridged. First, petitioner delayed the setting of his trial date by 21 days when his counsel requested the court to delay setting of the trial date until the omnibus hearing. By excluding this 21-day period from the 90-day requirement, the trial date of December 19, 1974, would be within the 90-day period. Alternatively, respondent contends petitioner waived his right to be tried within 90 days by failing to object until the day after trial was scheduled to commence, i.e., the 95th day. We find both of the respondent's contentions to be without merit.

---

[2]Counsel, on oral argument, acknowledged that the trial judge in that district is usually absent from that district the second week of each month to participate in the visiting judge program pursuant to RCW 2.08.140-.170 and RCW 2.56.040. We also recognize that because of possible conflicts of interest, a single judge in a multi-county judicial district must effect a trade with other superior court judges occasionally necessitating his absence. These arrangements are not accomplished instantaneously, but require inquiry and time-consuming administrative detail.

■ As of January 7, 1975, the defendant had not been brought to trial. CrR 3.3 provides that a criminal charge *shall be brought to trial* within 90 days following the preliminary appearance. CrR 3.3(d) states:

**(d) Excluded Periods.** The following period shall be excluded in computing the time for trial:

. . .

(3) Delay granted by the court pursuant to section (e).

. . .

**(e) Continuances.** Continuances or other delays may be granted as follows:
(1) On motion of the defendant on a showing of good cause.

Assuming arguendo that the 21-day delay in the setting of the trial date was pursuant to a motion by the defendant on a showing of good cause, and therefore to be excluded from the 90-day requirement pursuant to CrR 3.3(e)(1), January 7 was 92 days after petitioner's preliminary appearance, exclusive of the 21-day delay. Thus, accepting respondent's contention, petitioner was not brought to trial within 90 days as required by CrR 3.3(b). Respondent's claim that the trial date of December 19, 1974, was within the 90-day period, exclusive of the 21-day delay, is factually accurate; but a setting for trial alone does not comply with CrR 3.3(b), which states, "A criminal charge *shall be brought to trial* within 90 days . . ." (Italics ours.) Excluding the 21-day delay, the petitioner was not brought to trial on or before January 5, 1975, the date upon which the 90-day requirement expired. Our rules are not as flexible as those of the federal courts. *Cf. State v. Durham*, 13 Wn. App. 675, 537 P.2d 816 (1975). In failing to bring the defendant to trial within the 90-day requirement, the provisions of CrR 3.3(b) were violated, necessitating dismissal of the charge with prejudice. CrR 3.3(f).[3]

■ Respondent's contention that the petitioner waived

[3]*State v. Bloomstrom*, 12 Wn. App. 416, 422, 529 P.2d 1124 (1974), is distinguishable in that the time period was within 60 days when the delay was caused by the defendant's actions.

his right to a speedy trial is not supported by the record. In *State v. Williams*, 85 Wn.2d 29, 32, 530 P.2d 225 (1975), the court stated:

> The doctrine of waiver, formerly applied by this court in cases such as *State v. Niblack*, 74 Wn.2d 200, 443 P.2d 809 (1968), is not entirely abrogated. The defendant must move for dismissal prior to going to trial.

The record reveals that on two occasions, December 20, 1974, and January 13, 1974, the petitioner sought dismissal of these charges prior to trial. It cannot be said that the petitioner waived his right to a trial within 90 days in light of the efforts by his counsel to have the case dismissed for failure to comply with the provisions of CrR 3.3.

■ Lastly, respondent contends the statements by the trial court in regard to the congested docket justify the continuance within the provisions of CrR 3.3(e)(3). While we do not doubt the authenticity of the court's conclusions, the record does not contain facts evidencing the number of pending cases, civil or criminal, the time involved in trial, the availability of visiting judges to assist in relieving the congestion, or any other facts in support of the conclusion of congestion necessitating a delay of this trial beyond 90 days. In the absence of such justification, we are unable to conclude that the continuance was properly granted pursuant to CrR 3.3(e)(3).

The judgment of the trial court is reversed and the case dismissed pursuant to CrR 3.3(f).

McINTURFF, C.J., concurs.

GREEN, J. (concurring)—I concur because the mandatory requirements of CrR 3.3 as strictly interpreted in *State v. Williams*, 85 Wn.2d 29, 32, 530 P.2d 225 (1975), seem to require this result. However, I have difficulty reconciling the strict application of the mandatory language of this rule in an area where a constitutional right to speedy trial has not been shown to be impaired with the apparent leniency in the application of what appears to be mandatory language in the civil rules. *See Moore v. Burdman*, 84 Wn.2d 408, 526

P.2d 893 (1974); *Malott v. Randall*, 83 Wn.2d 259, 517 P.2d 605 (1974); *Myers v. Harris*, 82 Wn.2d 152, 509 P.2d 656 (1973); *O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969).