[No. 1345-3.    Division Three.    November 3, 1975.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN LOWRIE, *Appellant*.

*Walters, Whitaker & Finney,* and *F. Joe Falk, Jr.,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Catherine Lee Campbell, Deputy,* for respondent.

GREEN, J.—Defendant appeals from a jury conviction of first-degree burglary and armed robbery.

The assigned errors relate to the trial court's (1) denial of defendant's motion to dismiss based upon CrR 3.3(c); (2) admission of testimony regarding defendant's involvement in the alleged offenses objected to as hearsay; (3) admission of certain exhibits; and (4) the refusal to allow the defense to question the State's witnesses as to their use or addiction to drugs.

With respect to defendant's first assignment of error, the record contains the following chronology of events. Defendant was charged by information dated June 24, 1974. The date of defendant's preliminary appearance was June 27, and trial was set for August 14. On about August 9, the State learned that one of the victims of the burglary was confined to bed with infectious hepatitis and would not be available on the date of trial. Accordingly, on short notice but in the presence of defendant's counsel, the State in chambers orally moved for a continuance based upon the unavailability of this witness. Apparently this motion was orally granted. On August 15 and 19, the deputy prosecutor wrote the trial judge advising him of her efforts to obtain a status report on the victim's illness. On August 22, 1974, the prosecutor filed a motion and affidavit summarizing the foregoing exchanges and a formal order was entered continuing trial to September 9, 1974. The motion and affidavit and order of continuance were entered after the original trial date, but before the expiration of 60 days from the date of defendant's preliminary appearance.

■ Defendant's challenge to the trial court's denial of his motion to dismiss pursuant to CrR 3.3 is two-fold: First, defendant contends that the court's order of continuance is somehow infirm for the reason that it was not formally

entered prior to the original trial date, although it was entered before the 60-day period elapsed, citing *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975). We disagree. *Williams* did not involve the issue raised by defendant. The court in *State v. Williams* at page 32, stated:

> If continuances are necessary, they should be sought or entered upon formal motion, with the reasons therefor being made a matter of record.

Neither *Williams* nor the language of CrR 3.3 require that a formal motion and order for continuance be entered prior to the original trial date. In fact, in *State v. Lee*, 13 Wn. App. 900, 538 P.2d 538 (1975), the State moved for continuance on the date of trial when it became evident that two of the State's witnesses refused to testify. This court upheld the trial court's grant of a continuance. In the instant case, plaintiff orally moved for the continuance as soon as it was learned that a material witness was unavailable due to illness. The record was formalized by the filing of the written motion. Although we do not condone this procedure by the deputy prosecutor because every deviation from the rules creates issues on appeal, we find substantial compliance and the trial court's discretion in granting a continuance will not be disturbed.

▮ Secondly, defendant argues that the continuance should have been denied because the State's affidavit did not state the materiality of the unavailable evidence (the witness) and because the reasons for granting the continuance were not properly made a matter of record as required by *State v. Williams*, *supra*. We disagree. The materiality of the testimony of a victim is self-evident and failure to explain this materiality in an affidavit does not constitute a fatal defect. The reasons for granting the continuance were stated by the court in denying defendant's renewed motion to dismiss at trial:

> Well, based upon all the information I have at this time, the affidavits that are in the file plus the letters in which Miss Campbell—two letters which Miss Campbell furnished to us indicating her efforts to verify the illness

and the fact that there was an illness, I think there are sufficient grounds for the continuance of this matter and the motion to dismiss will be denied.

The trial court's ruling is affirmed.

The second assignment of error relates to the admission of the testimony of Detective Michael K. Bansmer that Bob Perez told him the defendant and another person were involved in the burglary and robbery. The context in which this statement was made is as follows:

Q Did you have occasion to be involved in the investigation of a burglary of a Knowles' residence?

A I received information on that burglary. I wasn't assigned to it.

Q What information did you receive?

MR. GREINER: I object to that, Your Honor. I think he can testify as to conversations, that sort of thing.

THE COURT: I'm going to overrule it to the extent that it's being offered, I assume, for the fact that statements were made, not to be taken as truth of the contents thereof and that then will not constitute hearsay.

Q (By Miss Campbell) Detective Bansmer, you stated you received information concerning this burglary, what information did you receive?

A I received information as to who was involved in the burglary and robbery.

Q And to whom did you give that information?

A I gave it to Detective Wentz and Sergeant Beaushaw.

Q From whom did you receive that information?

A From Bob Perez.

Q How did you happen to receive the information from Mr. Perez?

A Mr. Perez was in my office and stated that he had—

MR. GREINER: Your Honor, I take it I have a continuing objection to all of this?

THE COURT: Yes. We are going a little bit far on that one, counsel.

Q (By Miss Campbell) Mr. Bansmer—Officer Bansmer, perhaps I can clarify, I'm questioning, under what circumstances did you receive this from him?

MR. GREINER: I think he's already testified to that.

THE COURT: No, I will allow that question.

A  Mr. Perez wanted some money for the information.

Q  (By Miss Campbell) Did you pay him money for the information?

A  I did.

Q  And he informed you as to whom was involved. What names did he give you?

A  He gave me two names.

Q  What were those names?

A  The defendant, Lowrie, John Lowrie, and I don't believe that he was able to identify the other person by name but he did tell me which apartment he lived in and described him.

MR. GREINER: Your Honor, I have a continuing objection?

THE COURT: You have a continuing objection and I will overrule as to his testimony.

Later in the trial, Mr. Perez was called as a witness and denied ever talking to Detective Bansmer about these matters. Defense counsel moved for a dismissal on the ground that Detective Bansmer's testimony was hearsay, highly inflammatory and prejudicial to the defendant. This motion was denied. We hold that the admission of this testimony was error.

In *State v. Murphy*, 7 Wn. App. 505, 500 P.2d 1276 (1972), a deputy sheriff was allowed to recite over objection the details of a report which a complaining witness had given him. The court reversed the conviction, stating at page 509:

> Out-of-court statements of another person, when not offered for the purpose of establishing the truth of the matter asserted, are sometimes admissible—not as an exception to the hearsay rule, but rather precisely because they are not then hearsay—*if such out-of-court statements as so utilized are relevant to a material issue in the cause.*

(Italics ours.) In this case, the court indicated that Bansmer's testimony was not hearsay as it was not admitted for the truth of the matter asserted, *i.e.*, that the defendant was present during the robbery, but only for the purpose of showing that the statement was made and that it in turn

resulted in police action. Such circuity cannot obscure the fact that neither the making of the statement by Mr. Perez nor the resultant police action was in issue. The sole question presented to the jury was whether or not the defendant was involved in the commission of the crimes. Therefore, there is no reason why the statement allegedly made by Mr. Perez to Bansmer was relevant to any issue before the trial court, except to prove the truth of the matter asserted. Officer Bansmer's testimony was clearly hearsay and should not have been admitted in evidence. *State v. Murphy, supra* at 509.

In denying defendant's motion for new trial, the court stated that even if Bansmer's testimony was erroneously admitted, such error was harmless error. We disagree. Neither of the two victims could identify the defendant. The other testimony offered by the State was that of a claimed accomplice who stated that the defendant along with himself committed the offenses. This testimony was indirectly supported by testimony of the accomplice's girlfriend. To the contrary, the defendant produced alibi witnesses who placed him elsewhere at the time the offenses were committed. Considering the nature of the testimony in the context of a conflicting record, as well as the substantial credibility questions with which the jury was concerned, we are unable to say that the admission of Bansmer's testimony was not prejudicial. *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968).

In view of our holding that a new trial should be granted, we need not determine the propriety of admitting in evidence exhibits Nos. 1 through 6A. We are, however, constrained to comment that since the victims established the commission of the crimes, the relevancy of these exhibits to the issue of defendant's guilt or innocence is highly questionable. *State v. Whalon,* 1 Wn. App. 785, 791, 464 P.2d 730 (1970); *State v. Rook,* 10 Wn. App. 484, 491, 519 P.2d 252 (1974).

Based upon the record in this case, the trial court prop-

414

erly refused to allow defense counsel to ask plaintiff's witnesses "if they use or are addicted to drugs." *State v. Renneberg*, 83 Wn.2d 735, 522 P.2d 835 (1974).

Reversed and remanded.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied December 8, 1975.

Review denied by Supreme Court February 24, 1976.