[No. 43963.    En Banc.    September 2, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN JACK, *Petitioner*.

*R. Max Etter, Sr.,* for petitioner.

*Donald C. Brockett, Prosecuting Attorney,* and *Terence M. Ryan, Deputy,* for respondent.

BRACHTENBACH, J.—Defendant appeals from a conviction of having received the earnings of a prostitute. The only issue is whether this criminal charge should have been dismissed pursuant to the speedy trial requirements of CrR 3.3.

The facts are not in dispute. Defendant was arrested on June 15, 1973. The following day, 14 days before July 1, 1973, the effective date of the new rules of criminal procedure, defendant made his preliminary appearance in district court and was released on bail. On September 28, 1973, 104 days after the preliminary appearance, 90 days after the effective date of the new rules of criminal procedure, defendant was arraigned in superior court on the same charge. Defendant's motion to dismiss for failure to provide a speedy trial was denied and trial was set for November 7, 1973, 144 days after his preliminary appearance and 130 days after the effective date of the rules. The Court of Appeals, in an unpublished opinion, affirmed the trial court order denying dismissal. We reverse.

CrR 3.3 provides in part:

**(b) Time Limit.** A criminal charge shall be brought to trial within 90 days following the preliminary appearance.

. . .

**(g) Dismissal With Prejudice.** A criminal charge not brought to trial as required by this rule shall be dismissed with prejudice.

These rules were made specifically applicable to any proceedings then pending

except to the extent that in the opinion of the court, the former procedure should continue to be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedures of these rules.

CrR 1.3 (b).

In passing upon defendant's motion to dismiss, the trial

court, relying upon CrR 1.3(b), ruled that the number of cases pending at the effective date of the new rules rendered it infeasible to complete all the cases in the times established in the rules. In addition, the trial court ruled that CrR 3.3(e)(3), which provides that

The court on its own motion may continue the case when required in the due administration of justice the defendant will not be substantially prejudiced in the presentation of his defense.

was applicable. We find neither ground sufficient to justify the denial of defendant's motion to dismiss.

■ First, while the rules clearly vest with the trial court the discretion to grant a continuance beyond the established time limits, such discretion must be exercised in a timely manner. Not until 104 days after the preliminary appearance did the court exercise its discretion to grant a delay. At that time defendant was entitled to a dismissal. In short, the court must act, on its own motion or otherwise, in granting a continuance within the time limits of CrR 3.3. It cannot grant a retroactive delay after the defendant's right to dismissal has accrued.

■ Second, even if the trial court had acted in a timely manner, dismissal of the charges against the defendant would still be required. When the trial court exercises its discretion granted under the rules, it must make a record of its act and its reasons. The grounds set out by the trial court for not complying with the time limits merely reflect conclusions of the court. The record must reflect the reasons, not the bare conclusions of the basis of the court's exercise of discretion. *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975). The facts upon which the court acts must be articulated so the appellate review can lead to precedential guidelines as to what factors justify delay. *State v. Espeland*, 13 Wn. App. 849, 854, 537 P.2d 1041 (1975), amplifies the necessity of such factual recitation.

On appeal, for the first time, the State argues that the delay was justified under CrR 3.3(d) which, in computing the time for trial, excludes time related to proceedings in

trial on another charge. Another charge against defendant had been made and was ultimately dismissed after evidence was suppressed. This was not called to the attention of the trial court, nor was it relied upon by the court. We hold and emphasize that claims of excluded periods or grounds for continuance must be presented to the trial court within the specified time periods. If the State relied upon the pendency of another charge to justify delay and exclusion of that time, it had an obligation to present that contention to the trial court before the defendant's right to a speedy trial had reached its maximum time.

The action against defendant should have been dismissed. The judgment is reversed and the action dismissed.

STAFFORD, C.J., and ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, HOROWITZ, and DOLLIVER, JJ., concur.