[No. 4201-1.    Division One.    December 30, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN FREDERICK WALKER, *Appellant*.

*John A. Strait*, for appellant.

*Christopher T. Bayley, Prosecuting Attorney*, and *Paul J. Bernstein, Senior Deputy*, for respondent.

FARRIS, J.—John Walker appeals from judgment entered upon a jury verdict finding him guilty of robbery while armed with a deadly weapon, to wit: a firearm.

On May 23, 1975, following the armed robbery of a grocery store, Walker was arrested and charged with the crime. He has steadfastly maintained his innocence.

He was identified as the perpetrator of the crime by the victim at a lineup and at trial, the clothes he was wearing the night of his arrest matched those described by three witnesses as having been worn by the robber, and he had a blue tatoo between his thumb and forefinger which was identified by the victim of the crime. He does not deny that

his car was used as the getaway car in the robbery and that he was in possession of a gun which matched the description of the weapon used in the robbery.

From the moment of his arrest, Walker remained in custody unable to obtain pretrial release. On June 3, he appeared at a preliminary arraignment and pleaded not guilty to charges stemming from a May 28 information. On June 18, an order allowing a delay of trial to August 4 was entered upon the State's motion without objection from Walker. (August 4 was 62 days after June 3.) On August 4, the State was granted a continuance based on certain allegations regarding the absence of its chief witness. The continuance was granted over Walker's motion to dismiss for lack of speedy trial; no findings of fact or conclusions of law were entered. The judge indicated that he would dismiss the cause unless the State was ready to proceed on August 8. On August 8, the matter was preassigned for trial to commence on August 11. On August 11, the State moved for another continuance, Walker moved for dismissal consistent with the August 4 order, and the cause was continued until August 25. On August 25, the preassigned trial judge was unavailable, having been reassigned to sit on a case in another county. Trial, in fact, was not begun until August 26 when Walker's last motion to dismiss for lack of speedy trial was denied.

In reliance on *State v. Williams*, 85 Wn.2d 29, 530 P.2d 225 (1975), Walker argues that the cause should be dismissed for failure to grant a speedy trial. CrR 3.3(e)(2)(ii) provides:

Continuances or other delays may be granted as follows: .

. . .

(2) On motion of the prosecuting attorney if:

. . .

(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; . . .

Walker argues that dismissal is proper because of the

absence of specific findings of fact on the existence or nonexistence of the circumstances required by CrR 3.3 (e) (2) (ii). We disagree. *State v. Williams, supra* at 31-32 held:

When the court exercises the discretion granted under these rules, it should make a record of its act and its reason, so that the matter can be subjected to appellate review if proper application is made. It appears to be unquestioned in this case that the trial date was set without reference to the rules, which became effective before the case was set.

Dismissal is required under CrR 3.3 (f) if the case is not brought to trial in accordance with the rule. A showing of prejudice to the defendant is unnecessary.

In *State v. Jack*, 87 Wn.2d 467, 553 P.2d 1347 (1976), the court held that while the record required by court rule and *State v. Williams, supra*, is insufficient if limited to "bare conclusions," it is sufficient if the court's reasons for granting the continuance are supported by "facts . . . articulated so the appellate review can lead to precedential guidelines as to what factors justify delay." *State v. Jack, supra* at 469.

Here the requirements of *State v. Jack, supra*, were met. The prosecuting attorney, in moving for the continuance, made allegations which, if believed by the court, are sufficient to support its conclusion that (1) the State's evidence was unavailable, (2) the prosecutor had exercised due diligence, and (3) reasonable grounds supported the belief that the evidence would be available within a reasonable time. See statement of facts. We recognize that *allegations* are not *facts* and that no formal findings of fact were entered but here the defense did not challenge the allegations. Following the defense response to the allegations (see statement of facts) the trial court continued the trial to August 8 based upon the showing made by the State. We therefore conclude that the allegations were accepted as fact by the trial court. If the record reflects facts which are legally sufficient to support the conclusions required by the rule, and we find that it does, nothing more is required.

Whether the additional delays were justified or whether they violated the rule is a matter which this court can resolve on the record. We find that the trial court did not abuse its discretion granted under CrR 3.3(e)(2)(ii) by the subsequent trial delay until August 26.

At trial, the court allowed a police officer to testify that the computer had reported no license number corresponding to the robbery victim's report. (The victim told the police that the getaway car had a license number JDW 631; the license number of Walker's car was IDW 631.) Walker's hearsay objection to this testimony was denied. It was error to admit the testimony; the record does not reflect that a proper foundation was laid for admitting the testimony under the business records exception to the hearsay rule. *Seattle v. Heath*, 10 Wn. App. 949, 520 P.2d 1392 (1974); RCW 5.45.020.

The error, however, was not prejudicial. "[T]here is [no] reasonable possibility that the improperly admitted evidence contributed to the conviction, . . ." *Schneble v. Florida*, 405 U.S. 427, 432, 31 L. Ed. 2d 340, 92 S. Ct. 1056 (1972). A photograph showing the car and license plate was an exhibit at trial. One witness identified Walker's car as the one used in the holdup and another's description matched that of Walker's car. Walker did not deny that it was his car that was used, but alleged that he did not drive it and had, in fact, given the keys to someone else.

Walker assigns error to the trial court's refusal to sustain his objection to the State's cross-examination of the chief defense witness as to his motivation for exercising his Fifth Amendment rights when he was arrested with Walker. (The witness contended that Walker was with him the entire evening at the Flame Tavern.) Walker lacks standing to raise the objection. *See United States v. Zouras*, 497 F.2d 1115 (7th Cir. 1974); *State v. Morgison*, 5 Wn. App. 248, 486 P.2d 1115 (1971).

The trial court also permitted the prosecutor to cross-examine Walker concerning his having served prison time following parole revocation. Cross-examination re-

garding any matter that the record of conviction will reveal is not error. *See State v. Brewster*, 75 Wn.2d 137, 449 P.2d 685 (1969); *State v. Butler*, 9 Wn. App. 347, 513 P.2d 67 (1973).

Finally, Walker attacks the introduction of the following testimony by an officer which concerns the in-custody statements by Walker.

Q Did you hear any conversation at that time between the defendant and Mr. Boyle?
A Yes.
Q Do you recall what this conversation was?
A Yes.
Q Would you relate that to the Jury?
A Mr. Walker turned to Mr. Boyle and said, "Just keep your mouth shut, Pat."
Q Did you make any special note of this?
A Yes.
Q And why was that?
    MR. BERZINS: Objection. Irrelevant.
    MR. BERNSTEIN: It goes to the officer's state of mind and his ability to remember this specific point, Your Honor.

. . .
BY MR. BERNSTEIN:
Q I will ask you this very narrow question, Officer: I believe you indicated in your testimony that you took special note of the statement that Mr. Walker made to Mr. Boyle; is that correct?
A Yes.
Q And I would ask you then why it was that you took special note of it at that time?
A Because Mr. Walker and Mr. Boyle had adamantly denied knowing each other even casually.

It was not error to admit the testimony to buttress the "witness' grounds of knowledge and the reasons for trusting his belief." 2 J. Wigmore, *Evidence* § 655, at 759 (3d ed. 1940).

Affirmed.

WILLIAMS, C.J., and SWANSON, J., concur.

Petition for rehearing denied March 29, 1977.

Review by Supreme Court pending September 29, 1977.