[No. 6141–1.   Division One.   May 21, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. TOMMY N. YUEN, *Appellant.*

THE STATE OF WASHINGTON, *Respondent,* v. DON SHEK KWAN, *Appellant.*

WILLIAMS, J., dissents by separate opinion.

Mark Leemon of Seattle–King County Public Defender, Stroh & Funk, and James J. Lamont, for appellants.

Norm Maleng, Prosecuting Attorney, Diane Geiger, Deputy, and Sheryl Johnson Willert, Legal Intern, for respondent.

SWANSON, A.C.J.—Tommy Yuen and Don Kwan were both convicted by a jury of seven counts of first–degree robbery. The jury also returned special verdicts on each count that both defendants were armed with deadly weapons, specifically, firearms. Their appeals have been consolidated.

All the robbery counts arose from a single incident at the Bing Kong Ton, a club or fraternal organization in Seattle. The facts of this incident are not relevant to the issues presented on appeal.

The first issue is whether the defendants were denied their speedy trial rights under CrR 3.3. On August 23, 1977, the State moved for a continuance based on the unavailability of its witnesses—Officers Beard and Lorenzo of the Seattle Police Department, and one Moo Min Mar. The continuance was granted over objection, and as a result defendants were not tried within the 60–day period of CrR 3.3. Had the continuance been properly granted, the so–called "60–day rule" would not have been violated.

The granting or denial of a continuance rests within the sound discretion of the trial court and is reviewable on

appeal only for manifest abuse of discretion. *State v. Eller,* 84 Wn.2d 90, 524 P.2d 242 (1974); *Balandzich v. Demeroto,* 10 Wn. App. 718, 519 P.2d 994 (1974). CrR 3.3(e)(2) provides in part:[1]

Continuances or other delays may be granted as follows:

. . .

(2) On motion of the prosecuting attorney if:

. . .

(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; or
(iii) required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense.

While defense counsel resisted the motion for a continuance, it was not disputed that Officers Beard and Lorenzo were under subpoena, nor that Beard's father had died, nor that Officer Lorenzo could not be located even though the Seattle police had attempted to do so. The defense contended only that these witnesses were not necessary to the State's case and the State had not exercised due diligence in insuring their availability. A review of the record discloses that witness Mar was a victim of the robbery and named in the information, and Officers Beard and Lorenzo possessed material evidence supporting the conviction. As we stated in *State v. Lowrie,* 14 Wn. App. 408, 542 P.2d 128 (1975), the prosecutor's motion for continuance under CrR 3.3(e) need not state the materiality of the evidence when it is self-evident. As to due diligence, it is undisputed that the officers were under subpoena. While it would have been better had the prosecutor kept in closer contact with the witnesses, the State complied with the basic requirement of due diligence—the issuance of subpoenas to the witnesses.

---

[1]Effective November 17, 1978, the Supreme Court amended CrR 3.3, deleting this language. 90 Wn.2d 1149, 1152. The amendment does not affect the outcome herein.

The defendant in *State v. Walker,* 16 Wn. App. 637, 557 P.2d 1330 (1976), made a similar argument, contending dismissal was proper because of the absence of specific findings of fact regarding the existence or nonexistence of the circumstances required by CrR 3.3(e)(2)(ii). We concluded in that case that where allegations supported by the record and legally sufficient to support the conclusions required by CrR 3.3 are accepted as fact by the trial court, nothing more is required. *State v. Walker, supra.*

In the case at bench, the prosecutor stated that the State's evidence was unavailable, that he exercised due diligence, and that reasonable grounds supported the belief that the evidence would be available within a reasonable time. The court accepted this showing and so stated in its order granting the continuance.[2]

Such a showing by the prosecution in moving for a continuance and the finding by the trial court in its order precludes us from holding that the court's exercise of discretion is "upon a ground, or to an extent, clearly untenable or manifestly unreasonable." *Friedlander v. Friedlander,* 80 Wn.2d 293, 298, 494 P.2d 208 (1972); *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 482 P.2d 775 (1971).

■ The remaining issues concern the prosecutor's comment during the cross–examination of a victim and a police officer's testimony that he had had previous contact with one of the defendants. We are satisfied that each incident

---

[2] "[C]ounsel for the plaintiff having represented that a continuance of the trial is necessary because Moo Min Mar is physically unable to appear in court for one week because of illness; Joe Beard had a death in the family and is in Minnesota, but is expected to return Sept. 1, 1977; Michael Lorenzo cannot be located. They are necessary and material witnesses for the complete presentation of the State's case, and opposing counsel not objecting, or his objection being overruled; now, therefore,

"It Is Hereby Held

" . . .

"that the State's evidence is presently unavailable, the prosecution has exercised due diligence and there are reasonable grounds to believe that it will be available within a reasonable time;

"that a continuance is required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense."

was inadvertent. The test is whether such volunteered remarks, when viewed against the background of all the evidence, so tainted the proceedings that the defendants could not receive a fair trial. *State v. Music,* 79 Wn.2d 699, 715, 489 P.2d 159 (1971); *State v. Johnson,* 60 Wn.2d 21, 371 P.2d 611 (1962). The law presumes the jury finds the facts from the evidence the court permits it to consider. In both instances the trial court orally admonished the jury to disregard the complained of comments. The decision as to the adequacy of instructions admonishing the jury to disregard testimony or comments is especially pervaded with judicial discretion. As we said in *State v. Thrift,* 4 Wn. App. 192, 196, 480 P.2d 222 (1971):

> The trial judge can impartially observe and appraise the impact of inadmissible testimony upon the jury. His discretionary judgment that a corrective instruction and admonition effectively cures an error should be respected by the appellate court unless the record demonstrates that beyond a reasonable doubt the refusal to grant a new trial denied the defendant a fair trial.

We have reviewed the record and cannot conclude that the trial court abused its discretion in these matters.

We affirm the convictions. However, for the reasons stated in *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), the cause must be remanded for resentencing without regard to RCW 9.41.025, the firearms statute.

Affirmed and remanded.

RINGOLD, J., concurs.

WILLIAMS, J. (dissenting)—I do not believe that the motion for a continuance of the trial date beyond the 60-day period was properly granted because it was not supported by facts adequate to justify the delay. *State v. Jack,* 87 Wn.2d 467, 553 P.2d 1347 (1976); *State v. Walker,* 16 Wn. App. 637, 557 P.2d 1330 (1976); *State v. Espeland,* 13 Wn. App. 849, 537 P.2d 1041 (1975). Indeed, no facts were established at all. The court acted only upon the following representations of the prosecuting attorney:

Ms. Geiger: Your Honor, as the Court will recall yesterday, this case has been kind of replete with problems, and a new problem has arisen which necessitates the State asking for a continuance.

As the Court will recall when we first came into court, I indicated to the Court that one of the victims had suffered a ruptured ear drum, and he was unable to be in court. He's flat on his back.

We sorted through the evidence, and decided that in fact we would attempt to continue in his absence. We began the court proceeding, and when we went downstairs on a recess, I found out that Officer Beard's father had passed away, and he left to attend the funeral back in Minnesota. We recessed for a period of time so that I could go back and look over the evidence and see if we could carry on.

We looked it over, and decided that yes, we could proceed, using another officer who was with Officer Beard at the time. We put out the word that we would need the other officer, and the police began looking for Officer Lorenzo. I was notified at 11 o'clock last night, that the Seattle Police cannot locate him. He changed his plans and has left the area.

We're unable to locate Officer Lorenzo at this time, and I believe it's a matter of—We have tried to kind of piece the case together, and attempt to proceed in the absence of each of the witnesses, but now missing three witnesses, we feel that in fact we are not able to proceed at this time with the State's case as it is substantially damaged.

The attorney for the State then told the court of the need for the testimony of the persons mentioned and said that:

in the interest of justice, to find that a continuance is required; that the defendants would not be substantially prejudiced by the delay, and, furthermore, that the State's evidence is unavailable.

On this basis, the court found that:

a continuance of the trial is necessary because Moo Min Mar is physically unable to appear in court for one week because of illness; Joe Beard had a death in the family and is in Minnesota; Michael Lorenzo cannot be located

but is expected to return Sept. 1, 1977. They are necessary and material witnesses for the complete presentation of the State's case.

That one of the victims was flat on his back with an earache may have been significant, but the court was not apprised of it. There is no proof that Officer Beard, who was only a few hours away by commercial airline, would disobey the subpoena. Officer Lorenzo, although under subpoena, had vanished, but there was no proof of how long he would be gone or how necessary his testimony was. I suspect he would have reported in long before he was needed if a bench warrant had been issued. No application was made for one.

The motion for continuance was heard and granted on August 23, 1977, the morning of the day that the case was set for trial. It was an involved case, a number of witnesses had been endorsed; there was a jury to select and opening statements to be made. Under these circumstances, there is no reason, at least the trial court was told of none, why the case had to be continued beyond September 2 when the 60–day limit expired. Certainly one of the officers could have been induced to obey his subpoena. In the meantime, Yuen and Kwan were in jail.

Yuen and Kwan should be released because of the gross violation of the 60–day rule.

Reconsideration denied June 26, 1979.

Review denied by Supreme Court October 12, 1979.