FILED
COURT OF APPEALS
DIVISION II

2014 JAN 28 AM 9: 53

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>RONALD LEE SORENSON,<br><br>Appellant. | No. 43199-8-II<br><br><br><br>UNPUBLISHED OPINION |

JOHANSON, A.C.J. — Ronald Lee Sorenson appeals his jury convictions and sentences for multiple sex crimes. Sorenson claims that (1) the trial court manifestly abused its discretion by denying a continuance, (2) the State offered insufficient evidence for his first degree child molestation convictions, (3) the trial court erred by failing to provide a limiting instruction, (4) the prosecutor's misconduct denied him a fair trial, and (5) scrivener's errors plague his judgment and sentence. Because the trial court did not abuse its discretion by denying the continuance, the State offered sufficient evidence to support the convictions, the trial court provided a limiting instruction, and Sorenson did not demonstrate that prosecutorial misconduct resulted in reversible error, we affirm. But we accept the State's concession and remand to correct the scrivener's errors in Sorenson's judgment and sentence.

## FACTS

The State charged Sorenson with two counts of first degree child molestation[1] and two counts of second degree child molestation[2] against BES, two counts of second degree child molestation and one count of third degree child molestation[3] against BLS, and two counts of first degree child molestation against AKB.[4] BES, BLS, and AKB are all related to Sorenson.

Before trial, Sorenson moved for a continuance so that he could obtain impeachment evidence. He sought information about a subsequently added victim, evidence from Facebook, and he wanted to interview 72 additional potential witnesses. The State contested the continuance motion, arguing that (1) the case was over a year old; (2) Sorenson's new attorney had been working the case for six months; (3) the State added its latest victim a month and a half earlier; and (4) Sorenson's desired evidence was irrelevant and cumulative, so his need for it did not outweigh the detriment of delay to the victims. The trial court denied Sorenson's continuance motion after considering the State's arguments and judicial economy interests.

At trial, BES testified that when she was 11, she woke up roughly 10 times with Sorenson's hand touching her sexual or intimate parts. AKB testified that when she was 8 or 9, Sorenson would lie with her on the couch "spooning style" 15 to 20 times, touching her sexual or intimate parts. 3B Report of Proceedings (RP) at 371. BLS testified that when she was between

---

[1] RCW 9A.44.083.

[2] RCW 9A.44.086.

[3] RCW 9A.44.089.

[4] We use initials to protect the minor victims' privacy. The State also charged Sorenson with sex crimes against two other victims. The jury acquitted Sorenson of those charges and they are not relevant to this appeal.

2

11 and 14 years old, she woke up two times with her hand touching Sorenson's sexual or intimate parts; on one of those occasions, Sorenson's hand was also touching BLS's sexual or intimate parts. Additionally, BLS testified that when she was 14, she woke up with Sorenson's hand touching her sexual or intimate parts.

Sorenson testified in his own defense, explaining that the girls frequently climbed into bed or onto the couch with him when he was sleeping. While Sorenson admitted that he "cuddled" with the girls, he denied ever inappropriately touching them. 4A RP at 496. He also acknowledged that had he touched any of the girls, the touching was purely accidental during the course of cuddling.

After the presentation of evidence, Sorenson requested an instruction to limit consideration of evidence regarding each victim to the charges relating to that victim. Sorenson proposed his own limiting instruction, but the trial court refused to read it to the jury because it inaccurately stated the law. The trial court did, however, direct the jury in its final instructions, "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." 4A RP at 568.

During closing argument, the prosecutor made the following statements to convince the jury of the victims' credibility beyond a reasonable doubt. (1) "[I]f you have an abiding belief that these girls testified truthfully, you have an abiding belief in what they said, you are satisfied beyond a reasonable doubt." 4B RP at 577-78. (2) "I want to go through each girl and submit -- and show you how they are credible and how you should have an abiding belief in what they are saying." 4B RP at 578. (3) "And they have come forward now and taken an oath to tell all of you the truth about what happened." 4B RP at 593.

3

[(4)] And you should have an abiding belief that they told you the truth. You should have an abiding belief that he is guilty. And if you do have an abiding belief in the truth of what those girls said, then it is your sworn duty, your sworn obligation, and your sworn responsibility to find him guilty.

4B RP at 594. (5) "[I]f you have an abiding belief that equals a reasonable -- beyond a reasonable doubt." 4B RP at 649. Defense counsel objected only to this last statement. The jury found Sorenson guilty of these crimes against BES, BLS, and AKB, and Sorenson appeals.[5]

## ANALYSIS

### I. DENIED CONTINUANCE

Sorenson argues that the trial court manifestly abused its discretion by denying defense counsel's continuance motion. The trial court, however, properly weighed the relevant factors and it did not manifestly abuse its discretion when it denied the continuance motion.

We review the trial court's grant or denial of a continuance for manifest abuse of discretion. *State v. Campbell*, 103 Wn.2d 1, 14, 691 P.2d 929 (1984), *cert. denied*, 471 U.S. 1094 (1985). A trial court manifestly abuses its discretion when it exercises its discretion on clearly untenable grounds or is manifestly unreasonable. *State v. Yuen*, 23 Wn. App. 377, 380, 597 P.2d 401 (quoting *Friedlander v. Friedlander*, 80 Wn.2d 293, 298, 494 P.2d 208 (1972)), *review denied*, 92 Wn.2d 1030 (1979). In granting or denying a continuance, a trial court may weigh factors such as the defendant's right to a fair trial, diligence of counsel in investigating issues, whether the trial court granted previous continuances, and the availability of evidence or witnesses. *See State v. Watson*, 69 Wn.2d 645, 650-51, 419 P.2d 789 (1966).

Before denying the continuance motion, the trial court considered that (1) the case was over a year old; (2) Sorenson's new attorney had been working the case for six months; and (3)

---

[5] The jury also found that Sorenson used his position of trust to facilitate those crimes.

the evidence Sorenson wanted to obtain was irrelevant, cumulative, and did not outweigh the detriment of delay to the victims. The trial court also articulated that it intended to deny the continuance in the interest of judicial economy. Sorenson cannot show that his desired impeachment evidence, which had been available throughout the case, was crucial to his defense or that his attorney was diligent in securing it. Thus, he cannot demonstrate that the trial court denied the continuance based on clearly untenable grounds or reasons; accordingly, he does not show that the trial court manifestly abused its discretion.

## II. SUFFICIENT EVIDENCE

Sorenson next argues that the State failed to prove his first degree child molestation charges beyond a reasonable doubt because it could not show he acted for sexual gratification. We disagree because the record demonstrates that the State sufficiently proved the crimes.

We review claims of insufficient evidence to determine whether, "after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We draw all reasonable inferences from the evidence in favor of the State and against the defendant. *Salinas*, 119 Wn.2d at 201. A sufficiency challenge admits the truth of the State's evidence and all reasonable inferences from it. *State v. Theroff*, 25 Wn. App. 590, 593, 608 P.2d 1254, *aff'd*, 95 Wn.2d 385, 622 P.2d 1240 (1980). We leave credibility determinations to the fact finder and do not review them on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

To prove first degree child molestation, the State needed to prove beyond a reasonable doubt that Sorenson had sexual contact with a victim who is less than 12 years old, that the victim and Sorenson are not married, and that Sorenson is at least 36 months older than the victim. *See* RCW 9A.44.083(1). "Sexual contact" means any touching of the sexual or other

intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party. RCW 9A.44.010(2). Sorenson specifically argues there is insufficient evidence that he had contact with BES and AKB for purposes of sexual gratification. The record does not support his claim.

Sorenson analogizes to *State v. Powell*, 62 Wn. App. 914, 816 P.2d 86 (1991), *review denied*, 118 Wn.2d 1013 (1992), to argue that he only touched the girls inadvertently, and that any touching "was susceptible to innocent explanation." Statement of Additional Grounds at 18. In *Powell*, the sexual contact was "fleeting" and "susceptible of innocent explanation," so the court held that no rational trier of fact could have found sexual contact beyond a reasonable doubt and reversed Powell's conviction. 62 Wn. App. at 918.

Here, unlike *Powell*, Sorenson touched BES and AKB neither fleetingly nor inadvertently. BES testified that Sorenson touched her roughly 10 times; she woke up numerous times with Sorenson's hand touching her sexual or intimate parts. AKB testified that Sorenson would lie with her on the couch "spooning style" 15 to 20 times, touching her sexual or intimate parts. 3B RP at 371. Taken in the light most favorable to the State, any rational trier of fact could have concluded from this evidence that Sorenson touched the girls' sexual or intimate parts for sexual gratification; thus, the State sufficiently proved the sexual contact element of Sorenson's first degree child molestation convictions and his claim fails.

### III. LIMITING INSTRUCTION

Sorenson next argues that the trial court violated his right to a fair trial by failing to give a limiting instruction. We disagree.

Generally, when a trial court admits evidence for a limited purpose and the party against whom it was admitted requests a limiting instruction, trial courts must give an instruction. ER

105; *State v. Aaron*, 57 Wn. App. 277, 281, 787 P.2d 949 (1990). Although trial courts may refuse to give limiting instructions that erroneously state the law, once a defendant requests even an erroneous limiting instruction in the ER 404(b) context, the trial court has a duty to provide a correct limiting instruction. *State v. Gresham*, 173 Wn.2d 405, 424-25, 269 P.3d 207 (2012). The trial court has broad discretion to fashion its own limitation on the use of evidence. *State v. Hartzell*, 156 Wn. App. 918, 937, 237 P.3d 928 (2010).

Here, the trial court properly refused to give Sorenson's erroneous limiting instruction, which included inaccurate language: "When deciding *the guilt or innocence of a victim* on each count, evidence in other alleged counts can only be used for the limited purpose of showing common scheme or plan." 4A RP at 538 (emphasis added). The trial court, however, properly directed the jury in its final instructions: "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." 4A RP at 568. Sorenson failed to challenge this instruction's validity at trial or on appeal; thus, he does not demonstrate that the trial court improperly instructed the jury.

## IV. PROSECUTORIAL MISCONDUCT

Sorenson next argues that the prosecutor committed misconduct by shifting the burden of proof to Sorenson, prejudicing his trial. We disagree because even if we assume, without deciding, that the prosecutor erred, Sorenson fails to show enduring and lasting prejudice incurable by a remedial instruction.

An appellant claiming prosecutorial misconduct must show both improper conduct and resulting prejudice. *State v. Emery*, 174 Wn.2d 741, 756, 278 P.3d 653 (2012). A defendant suffers prejudice only where there is a substantial likelihood the misconduct affected the jury's verdict. *State v. Brown*, 132 Wn.2d 529, 561, 940 P.2d 546 (1997), *cert. denied*, 523 U.S. 1007

(1998). We review a prosecutor's comments during closing argument in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the jury instructions. *Brown*, 132 Wn.2d at 561. When defense counsel fails to object to alleged prosecutorial misconduct at trial, she or he does not preserve the issue for appeal unless the misconduct is so flagrant and ill intentioned that it evinces an enduring and resulting prejudice incurable by a remedial instruction. *Emery*, 174 Wn.2d at 760-61.

Although Sorenson failed to object at trial to four of the five challenged statements, he argues that for the four unchallenged statements, the prosecutor committed flagrant misconduct by equating "reasonable doubt" with "abiding belief." Br. of Appellant at 9. Specifically, Sorenson argues that the prosecutor committed misconduct by arguing that if the jury has an abiding belief that the victims testified truthfully, then the jury is satisfied beyond a reasonable doubt that Sorenson is guilty. Sorenson cites *State v. Anderson*, 153 Wn. App. 417, 220 P.3d 1273 (2009), *review denied*, 170 Wn.2d 1002 (2010), to support his argument that the prosecutor here improperly told the jury its job was to determine the "truth" and solve the case. Sorenson's argument lacks merit.

First, we must analyze the four statements that Sorenson challenges for the first time on appeal. For us to consider these statements for the first time on appeal, Sorenson must demonstrate that these statements constituted flagrant and ill-intentioned misconduct incurable by a remedial instruction. *See Emery*, 174 Wn.2d at 760-61. Here, the prosecutor's four statements informed the jury that if it had an abiding belief that the victims testified truthfully, then it was satisfied beyond a reasonable doubt that Sorenson was guilty.

Even assuming without deciding that these statements constituted misconduct, Sorenson does not demonstrate that these statements were flagrant or ill intentioned or that any

8

misstatement of the law could not have been cured by a remedial instruction that clarified the reasonable doubt standard. *See Emery*, 174 Wn.2d at 758-59 (explaining that a misstatement of the "esoteric" reasonable doubt standard that shifts the burden of proof may be "certainly and seriously wrong" but does not demonstrate bad faith or an attempt to inject bias). Accordingly, he failed to show flagrant and ill-intentioned conduct incurable by a remedial instruction; so he did not preserve these challenges for appeal. *See Emery*, 174 Wn.2d at 760-61.

Next, regarding Sorenson's preserved prosecutorial misconduct claim, we review the prosecutor's argument for improper conduct and resulting prejudice. *Emery*, 174 Wn.2d at 756. Sorenson argues that the prosecutor's statement, "[I]f you have an abiding belief that equals a reasonable -- beyond a reasonable doubt," misstated the basis on which the jury could acquit. 4B RP at 649. Even assuming, without deciding, that Sorenson may show that this statement constitutes misconduct, he cannot demonstrate resulting prejudice—he cannot show that the statement likely affected the jury's verdict.

Here, Sorenson denied that any inappropriate touching ever happened, and he contended that even had it happened, the touching occurred accidentally in the course of cuddling with the victims. But the jury heard testimony from BES, BLS, and AKB, who each testified that on multiple occasions, they each woke up to Sorenson touching their sexual or intimate parts. And the trial court instructed the jury that it must decide each count against each victim separately, such that the verdict on one count should not control other verdicts. Sorenson does not demonstrate that absent the prosecutor's allegedly improper argument, the jury would not have believed the victims' testimony beyond a reasonable doubt. Thus, Sorenson does not show prejudice and his prosecutorial misconduct claim fails.

## V. SCRIVENER'S ERRORS

Sorenson argues, and the State concedes, that his judgment and sentence contains scrivener's errors. We accept the State's concession and remand to correct those errors.

A defendant may challenge an erroneous sentence for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). The remedy for a scrivener's error in a judgment and sentence is remand to the trial court for correction. *See State v. Naillieux*, 158 Wn. App. 630, 646, 241 P.3d 1280 (2010); CrR 7.8(a).

Sorenson's judgment and sentence incorrectly states the dates that Sorenson committed the offenses in counts 2, 3, and 9. Sorenson committed count 2 between March 9, 2002 and March 8, 2004; count 3 between March 9, 2003 and March 8, 2006; and count 9 between August 23, 2006 and August 22, 2009. We accept the State's concession and remand to the trial court for it to correct Sorenson's judgment and sentence on counts 2, 3, and 9 to accurately reflect when Sorenson committed those crimes.

We affirm, but remand to correct scrivener's errors in Sorenson's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, A.C.J.

We concur:

BJORGEN, J.

MAXA, J.

10