[No. 3192–6–III.   Division Three.   May 22, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. CLYDE LEVON HENDERSON, *Appellant.*

188

*Gary C. Hugill,* for appellant.

*C. J. Rabideau, Prosecuting Attorney,* and *Laurence S. Moore, Deputy,* for respondent.

MUNSON, J.—Clyde Henderson was arrested on a parole violation. He was subsequently charged and convicted of second–degree assault. His appeal raises two issues: (1) violation of CrR 3.3 by granting an improper continuance; and (2) insufficiency of the evidence.

The county clerk, in a notice of trial setting,[1] notified both parties' counsel that an omnibus application was due October 10, 1978; a pretrial hearing was set for October 31; and trial was to begin November 1. CrR 3.3 required that the case be tried or dismissed by November 1, 1978. On October 30, the Franklin County Prosecuting Attorney was advised by the sheriff that two subpoenas had not been served even though they had been issued on October 6.

At the pretrial hearing October 31, the prosecutor stated he had not yet located two key witnesses, that diligent

---

[1]The notice of trial is not in the record but is appended to respondent's brief.

efforts had been made to do so and he requested a 30-day continuance to locate them. He advised the court a probation violation warrant had been issued on September 29, 1978, for one of the witnesses—Nobles—from Benton County and was still outstanding. Mr. Nobles was believed to have been an eyewitness to the alleged shooting. More recent information led the prosecutor to believe he was located in Yakima County. Over the defendant's objection, the court granted a 7-day continuance.

The prosecutor returned on November 7, 1978, and requested a second continuance, but he was reluctant to go into detailed reasons in open court because of alleged harassment to some of the State's witnesses by members of the defendant's family who were then present in court. The judge was emphatic that unless he received more detailed evidence, not mere conclusions, he would deny the motion. The prosecutor presented detailed information from a local detective who had gone to Yakima in search of the missing witness, had spoken with the witness' father, and had enlisted the cooperation of the drug enforcement administration and other local law enforcement agencies. Their efforts had disclosed a sighting of Nobles in Yakima by a neighbor of Nobles' brother; Nobles was driving his brother's car, the brother being a Yakima resident. Based on this information, and an allegation in affidavit form that another of the witnesses had been contacted by Henderson's relatives and cautioned about testifying on the State's behalf, along with the intervention of the Thanksgiving holiday, the trial court granted a continuance to November 27, over strenuous objections by the defendant.[2] It was necessary to arrest Mr. Nobles as a material witness in order to obtain his appearance; he was not a willing witness. It subsequently developed that he had been employed in Yakima during this time. The other witness was never located in time to testify.

---

[2]The intervention of nonjudicial days is a factor the court may consider along with other reasons for a continuance. RCW 1.16.050; RCW 2.28.100–.110.

Defendant claims a violation of his right to a speedy trial. CrR 3.3(e) at that time read:

Continuances or other delays may be granted as follows:

. . .

(2) On motion of the prosecuting attorney if:

. . .

(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time;[3]

The first issue is whether the trial court abused its discretion in finding the State had exercised due diligence in attempting to locate the missing witnesses.

▮▮▮▮ The granting or denial of a continuance rests in the sound discretion of the trial judge. It is reviewable only if there has been a manifest abuse of discretion. *State v. Eller*, 84 Wn.2d 90, 524 P.2d 242 (1974). In *State v. Yuen*, 23 Wn. App. 377, 378–90, 597 P.2d 401 (1979), the prosecutor moved for a continuance which would have placed the trial beyond the 60–day limit. The reasons given were that two police officers had not responded to summonses. One of the officers was out of the state and the other could not be found. The continuance was granted over defense objections that the State had not complied with the due diligence requirements of CrR 3.3(e)(2)(ii). A divided Court of Appeals stated:

As to due diligence, it is undisputed that the officers were under subpoena. While it would have been better had the prosecutor kept in closer contact with the witnesses, the State complied with the basic requirement of due diligence—the issuance of subpoenas to the witnesses.

*State v. Yuen, supra* at 379.

A court reviewing an exercise of discretion can find abuse only if no reasonable person would have taken the view adopted by the trial court. *State v. Blight*, 89 Wn.2d 38, 40–41, 569 P.2d 1129 (1977). In this case, subpoenas had

---

[3]This language was modified effective November 17, 1978. CrR 3.3(f), (g).

been promptly issued for the witnesses, there was already an outstanding warrant for Nobles' arrest from Benton County, and a report he had been sighted in Yakima County. Further, by the time of the second hearing, local police officers had journeyed to Yakima to look specifically for Nobles, had enlisted the assistance of other law enforcement agencies who were actively engaged in attempting to locate the witness, and had acquired information that the witness had been seen there. Considering Nobles was wanted by another jurisdiction, had traveled between the several counties, as well as additional information of alleged harassment by defendant's family contributing to the witness' unavailability, the trial court's decision was not an abuse of discretion. Appellate courts have repeatedly required trial courts to give legitimate reasons for extending the time of the trial limitation of CrR 3.3. *State v. Williams,* 87 Wn.2d 916, 920, 557 P.2d 1311 (1976); *State v. Jack,* 87 Wn.2d 467, 469, 553 P.2d 1347 (1976); *State v. Espeland,* 13 Wn. App. 849, 537 P.2d 1041 (1975). When trial courts comply with this mandate by exercising discretion and giving the reasons for their actions, appellate courts should give those reasons credence.

*State ex rel. Nugent v. Lewis,* 93 Wn.2d 80, 605 P.2d 1265 (1980), is distinguishable. There, the arresting officer, who had been served with a subpoena, failed to appear. No reason was given in that opinion for this failure. The court held at page 83, citing *State ex rel. Rupert v. Lewis,* 9 Wn. App. 839, 842, 515 P.2d 548 (1973), "that the mere unavailability of the state's witnesses, in the absence of any evidence of a justifiable reason for such absence, cannot be deemed good cause within the meaning of JCrR 3.08."[4]

---

[4]JCrR 3.08:

"Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and sufficient reason. In either case, the continuance or postponement must be to a date certain. If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown.

First, the language of JCrR 3.08 differs from CrR 3.3(e)(2)(ii) then in effect. Here, the court took testimony, considered the witness' unavailability and found the State had exercised due diligence with an expectation of availability within a reasonable time. Whether the continuance is for a day, a week, or a month is a determination requiring discretion. Second, the trial court found "justifiable cause" for the witness' unavailability, namely, the State's due diligence, and its reasonable expectation that the witness would be available on the date for which the trial was reset. Third, no prejudice has been shown by the defendant.[5] We find no abuse of discretion.[6]

Next, Henderson contends the evidence was unreliable and contradicted and therefore insufficient to support the conviction. There was conflicting evidence on nearly every point in the case. Testimony indicates that Anthony White had forcibly taken money from a prostitute named Teresa, who was to give this money to Henderson. When she told Henderson that White had taken the money, Henderson went to White's house where a heated discussion ensued. Henderson left White's residence and went across the street into an open field; shortly thereafter shots were fired at White's house and a bullet passed through a window and struck the living room wall. Henderson was armed.

It is the province of the jury to weigh the evidence and decide disputed questions of fact. *State v. Holbrook*, 66 Wn.2d 278, 401 P.2d 971 (1965). Our review of the record

---

Dismissal under such circumstances shall be a bar to further prosecution for the offense charged."

[5]We recognize CrR 3.3(g) required dismissal with prejudice if compliance with the rule was not met. However, CrR 3.3(e) provided for continuances and (iii) thereof approved of continuances "required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense." The amended rule, effective November 17, 1978, is not substantially different in this regard.

[6]*See State v. Alford*, 25 Wn. App. 661, 611 P.2d 1268 (1980), where similar reasoning was applied.

discloses substantial evidence on which the jury could have based a verdict of guilty of second–degree assault. *Lamborn v. Phillips Pac. Chem. Co.,* 89 Wn.2d 701, 709–10, 575 P.2d 215 (1978); *State v. O'Connell,* 83 Wn.2d 797, 839, 523 P.2d 872, 77 A.L.R.3d 874 (1974).

In his pro se brief, defendant raises the issue of competence of counsel. Essentially, counsel did not object to the State's introduction of prior statements by some of the witnesses. The judge called counsel to the bench to point out the problems but refused to do anything without an objection from counsel. It was stated that perhaps it was defense counsel's strategy to allow all the evidence to be presented to the jury so it could see the inconsistencies for itself.

Without an affirmative showing of inconsistencies of such a magnitude as to deprive a defendant of his constitutionally guaranteed right to a fair trial, *State v. Piche,* 71 Wn.2d 583, 591, 430 P.2d 522 (1967), a defendant is bound by his counsel's trial tactics. *State v. Cadena,* 74 Wn.2d 185, 196, 443 P.2d 826 (1968). The test is whether lawyers of ordinary training would consider the tactics incompetent. *State v. Adams,* 91 Wn.2d 86, 91, 586 P.2d 1168 (1978). *See State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979). Henderson was not denied a fair trial.

Judgment affirmed.

GREEN, C.J., concurs.

ROE, J. (dissenting)—Reluctantly, I must dissent because although I believe there is sufficient evidence of guilt, I cannot excuse the failure to comply with CrR 3.3.

The question before the court is whether the prosecution has exercised due diligence.

In *State v. Sulgrove,* 19 Wn. App. 860, 578 P.2d 74 (1978), the State sought two successive 1–day continuances to marshal admissible evidence. The continuances would have placed the trial 1 day beyond the CrR 3.3 limit. The trial court denied the request and dismissed the case on the

basis of CrR 8.3(b).[7] On appeal, the court concluded that prosecutorial unpreparedness, including simple mismanagement by the prosecutor's office, conflicted with the spirit of CrR 3.3 and affirmed the dismissal.

Due diligence to compel the attendance of a witness includes not only the issuance of a subpoena, but also "the taking of necessary steps to enforce attendance." *State v. Toliver,* 6 Wn. App. 531, 533, 494 P.2d 514 (1972). *See State v. Fortson,* 75 Wn.2d 57, 59–60, 448 P.2d 505 (1968). The prosecutor must show that he has made timely use of the legal mechanisms available to compel the attendance of witnesses. *State v. Smith,* 56 Wn.2d 368, 353 P.2d 155 (1960); *State v. Toliver, supra. See also* the dissent in *State v. Yuen,* 23 Wn. App. 377, 383, 597 P.2d 401 (1979).

In the case at bench, the prosecutor did not notice that Nobles had not been served until the 58th day of confinement. This was 1 day before the trial which was set on the 59th day. Officers had been unable to locate Nobles to serve the subpoena. It was not until after the granting of the first continuance that any other steps were taken by the State to find Nobles. No bench warrant was issued for him until after the first continuance was granted.

At the hearing for the second continuance, the judge stated he was inclined to grant a 1–week continuance to allow Nobles to be found. However, since Thanksgiving was approaching, and there might be problems getting a jury, the court granted a 3–week continuance. Nobles was arrested on November 17, 10 days before the hearing, and 16 days after the 60 days had expired. Thus, the State's witness was available for at least 10 days before the trial commenced, on the 86th day of confinement. There was no showing of actual difficulty in getting a jury or trying the case during the Thanksgiving week. This shows disregard

---

[7]CrR 8.3(b) states:

"The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order."

for the rule of strict application of CrR 3.3. *See State v. Striker,* 87 Wn.2d 870, 877, 557 P.2d 847 (1976).

Although this case was decided on the basis of the rules existing at the time of the event, the strictness with which the rules are to be enforced is exemplified by the new CrR 3.3, under which continuances may be granted:

**(f)** . . .
(2) . . . when required in the due administration of justice and the defendant will not be substantially prejudiced in the presentation of his defense. . . .
**(g)** . . . The court may extend the time in which a trial must be held for no more than five days when, because of unavoidable and unforeseen circumstances beyond the control of . . . the parties, . . .

The spirit of the rule, as reaffirmed in the new enactment, compels me to conclude that 5–day increments, but not 20 days as in this case, are permissible. The last continuance was improperly granted.

I would reverse.

Reconsideration denied June 16, 1980.

Review denied by Supreme Court September 5, 1980.