[No. 8180–2–I. Division One. December 17, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. ALVIN BRADLEY GOWENS, *Appellant.*

*Matthew W. Peach,* for appellant (appointed counsel for appeal).

*David S. McEachran, Prosecuting Attorney,* and *David Cottingham, Deputy,* for respondent.

DORE, J.—Defendant appeals from a continuance granted on the prosecutor's motion.

## ISSUE

Was the continuance granted for "good cause?"

## FACTS

Defendant was arrested and charged with driving a motor vehicle while under the influence of intoxicating liquors. He appeared pro se at his arraignment; the trial was set for September 21. On September 19, defendant arranged for representation by counsel. That same day, defendant's attorney notified the district court clerk and the prosecuting attorney's office that he would be representing defendant at the September 21 trial. On the day of trial, defendant and his attorney appeared and they were prepared to proceed. At that time the State requested a continuance claiming that it needed additional time to subpoena key witnesses. The district court granted the continuance, based on the prosecutor's request. The Superior Court, on review, sustained the validity of the district court's continuance.

## DECISION

ISSUE: Continuance was contrary to law.

JCrR 3.08 provides, in pertinent part, that "[c]ontinuances may be granted to either party for good cause shown." The continuance in the subject case was granted for reasons described in the findings of fact, which follow:

Finding of fact No. 7:

The reasons advanced by THE STATE OF WASHINGTON to justify their request for a continuance were that the STATE OF WASHINGTON had had only two days' notice that [an attorney] was going to represent the Defendant at

the trial and for this reason, had not had the necessary time to subpoena two witnesses.

Finding of fact No. 8:

> The circumstances of the case were such that the arresting police officer did not have direct knowledge that the Defendant was operating a motor vehicle at the time he was charged with the offense and therefore the case of *State v. Hemrich*[1] [*sic*] would make advisable that the STATE subpoena other witnesses to prove that [defendant] was driving the motor vehicle at the time in question.

The corroborating witnesses were never subpoenaed by the State. Defendant contended that the State's intention was to offer inadmissible evidence at trial through a police witness; that is, the defendant's uncorroborated out–of–court statement that he was operating the motor vehicle. The pro se defendant would probably be unaware of his right to object to such testimony. Only when the defendant hired an attorney to represent him at the trial, argues defendant, did the State realize it could not rely solely on the police officer's testimony.

 The grant or denial of a motion for a continuance rests within the discretion of the trial court and will not be disturbed on appeal, unless the court's action was arbitrary or capricious or contrary to law. That discretion is held to have been abused when no reasonable man would take the view adopted by the trial court. *State v. Sutherland,* 3 Wn. App. 20, 472 P.2d 584 (1970). We find an abuse of discretion in the subject case.

 In *State ex rel. Nugent v. Lewis,* 93 Wn.2d 80, 84, 605 P.2d 1265 (1980), the court reversed a finding that "good cause" justified a continuance. The continuance had been granted because the subpoenaed arresting officer failed to appear at trial. The court held "[t]he unexcused

---

[1]*State v. Hamrick,* 19 Wn. App. 417, 576 P.2d 912 (1978), held that in a prosecution for driving while under the influence, there must be some evidence other than the defendant's out–of–court statement that establishes the identity of the driver as the defendant.

absence of a *subpoenaed* witness at the time of trial is not good cause for a continuance under JCrR 3.08." (Italics ours.) In the subject case, the State totally failed to subpoena the witnesses, creating an even stronger argument for refusing the continuance. In *State ex rel. Rupert v. Lewis,* 9 Wn. App. 839, 515 P.2d 548 (1973), the grant of a continuance was reversed. In that case the record failed to show why the court ordered a continuance on its own motion. The prosecutor had informed the court that the State's witnesses were not present, but the State had not moved for a continuance. The mere unavailability of the State's witnesses would not be deemed "good cause" within the meaning of JCrR 3.08.

JCrR 3.08 is to be interpreted consistently with its Superior Court counterpart, CrR 3.3.[2] *State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978). Cases construing CrR 3.3 support our decision in the subject case.

In *State v. Yuen,* 23 Wn. App. 377, 597 P.2d 401 (1979), the court found that the prosecutor had exercised due diligence because the absent witness had been subpoenaed. *State v. Henderson,* 26 Wn. App. 187, 611 P.2d 1365 (1980), held that a continuance was proper where the absent witness had been subpoenaed by the State. In *State v. Smith,* 56 Wn.2d 368, 370, 353 P.2d 155 (1960), the court stated that the "failure to cause a subpoena to issue clearly

---

[2]CrR 3.3(e), prior to amendment, read as follows: "Continuances or other delays may be granted as follows:

" . . .

"(2) On motion of the prosecuting attorney if:

" . . .

"(ii) the state's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time; . . ."

constitutes such a lack of diligence as to justify the denial of a motion for a continuance." Finally, in *State v. Toliver,* 6 Wn. App. 531, 533, 494 P.2d 514 (1972), the court found that counsel had not "made timely use of the legal mechanisms available to compel the witness' presence in court" and therefore the motion for continuance was properly denied.

■ The State, in the subject case, has not provided this court with any rationale behind its failure to subpoena the key witnesses. Instead, it discusses the "rule of corroboration" or "corpus delicti rule," substantively at issue in the underlying charge against defendant, and articulated in *State v. Hamrick,* 19 Wn. App. 417, 576 P.2d 912 (1978).[3] The State argues that this rule protects a defendant from a conviction based on his uncorroborated admission; therefore other witnesses must be allowed to testify. To deny the continuance, contends the State, would force it to go to trial without these corroborating witnesses, thereby denying the State its right to a fair trial based upon admissible evidence. This theory is unsupported by authority and we will not consider it. *State v. Wood,* 89 Wn.2d 97, 569 P.2d 1148 (1977).

We conclude that the continuance in the subject case was granted without good cause. Based on the established case law and the State's total lack of explanation as to why

---

[3] "While the corpus delicti of most crimes does not involve the issue of identity, the corpus delicti for the offense of driving while under the influence of intoxicating liquor in this case requires evidence that defendant operated or was in actual physical control of a vehicle while he was under the influence of intoxicating liquor.

"It is clear that admissions of a defendant play a limited role in establishing the corpus delicti. The corpus delicti must be shown by some independent evidence before the admissions of the defendant may be utilized . . ." (Footnote and citation omitted.) *State v. Hamrick, supra* at 419.

those subpoenas had not been issued,[4] we reverse the trial court and dismiss the charge against defendant.

CALLOW, C.J., and JAMES, J., concur.

---

[4]Without adopting the defendant's theory that the State expected to present its case against a pro se defendant, and thereby hoped to enter inadmissible evidence, we remind the State of this court's repeated holding that our judicial system cannot operate with one set of rules for pro se litigants, and another set for those represented by counsel. *State v. Miller,* 19 Wn. App. 432, 576 P.2d 1300, *review denied,* 90 Wn.2d 1018 (1978).