[No. 27112-1-I.    Division One.    March 23, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. HAKIM IMAN
McPHERSON, *Appellant*.

*Anna-Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michael Shaw, Deputy,* for respondent.

AGID, J. — Hakim McPherson, a minor, appeals his conviction for one count of possession of cocaine with intent to deliver. He argues that the trial court abused its discretion in granting a continuance which delayed his trial beyond the speedy trial expiration date provided for in JuCR 7.8.

McPherson was charged by information filed in King County Juvenile Court on July 24, 1989. McPherson waived arraignment on August 25, 1989, and agreed to a speedy trial expiration date 60 days from that date. At a case-setting hearing on September 8, 1989, a fact-finding hearing was scheduled for November 8, 1989, by agreed order which provided that speedy trial was tolled until November 15, 1989.

On November 8, 1989, the date the fact-finding hearing was to have been held, the State moved for a continuance based on the fact that Officer Rossen, "an essential State witness", was out of the country until November 27, 1989. Officer Rossen, a member of the team that arrested McPherson, was to testify that he had advised McPherson of his *Miranda*[1] rights and that McPherson had given him a verbal statement. Officer Rossen had been subpoenaed pursuant to the interagency mail procedure normally used by the prosecutor's office, and the court file indicated that the subpoena was received by the police department on September 29, 1989.

The deputy prosecutor indicated that he had received a telephone message from Officer Rossen on October 18, 1989, informing him that the officer was leaving on an extended vacation that day. The prosecutor sent a note to defense counsel the same day advising her of the situation and asking her to stop by so they could get a new trial date.

---

[1] *Miranda v. Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966).

While the deputy prosecutor stated that he assumed defense counsel would have gotten back to him if she had any objection, he also admitted that the matter had slipped his mind until the Friday before the date of the fact-finding hearing when he pulled his files for the following week. Defense counsel stated that she did not receive the message. She first heard that the State's witness was unavailable and the State would be seeking a continuance just 2 days before the date set for trial.

The trial court, finding that there was good cause to continue the fact-finding, granted the State's motion but postponed the hearing on a defense motion regarding McPherson's speedy trial rights to November 29, 1989, the new trial date. On that date, the defense moved to dismiss on the basis that McPherson's right to a speedy trial under JuCR 7.8 was violated by the granting of the State's motion for a continuance. That motion was denied.

■■ JuCR 7.8(b) provides that the adjudicatory hearing on a juvenile offense is to begin within 60 days after the date of arraignment. If the adjudicatory hearing is not held within the time limits set by this provision, JuCR 7.8(g) provides that the information shall be dismissed with prejudice. While trial within that 60-day period is not a constitutional mandate, *State v. Hoffman*, 116 Wn.2d 51, 77, 804 P.2d 577 (1991); *State v. Campbell*, 103 Wn.2d 1, 15, 691 P.2d 929 (1984), *cert. denied*, 471 U.S. 1094 (1985), the rule emanates from state and federal constitutional guaranties. *State v. Adamski*, 111 Wn.2d 574, 582, 761 P.2d 621 (1988). JuCR 7.8(e)(2)(ii) provides, however, that continuances or other delays may be granted on the motion of the prosecuting attorney if the State's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that the needed evidence will be available within a reasonable time. The grant or denial of a motion to continue is reviewed for abuse of the trial court's discretion[2] and to determine whether the

---

[2] A trial court abuses its discretion when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *Coggle v. Snow*, 56 Wn. App. 499, 504-07, 784 P.2d 554 (1990).

defendant was prejudiced by the delay. *State v. Barnes*, 58 Wn. App. 465, 471, 794 P.2d 52, *aff'd in part, rev'd in part*, 117 Wn.2d 701, 818 P.2d 1088 (1991).

■ McPherson argues that the State did not exercise due diligence for JuCR 7.8 purposes because the State did not comply with the requirements of CR 45(c) for service of subpoenas.[3] In *Adamski*, the Washington Supreme Court concluded that "a subpoena which does not comply with CR 45 is a 'nullity' and its issuance therefore cannot constitute 'due diligence.' " 111 Wn.2d at 577. *Adamski* is distinguishable, however, in that *Adamski* involved a civilian witness who never received the subpoena in question. 111 Wn.2d at 576. Here, in contrast, the witness was a police officer who did receive and respond to the subpoena, albeit not in a timely manner. Where, as here, the subpoena was received and the officer did respond to it, we cannot conclude that there was a lack of due diligence on the part of the State in attempting to procure the attendance of a witness at trial.

The focus of the due diligence analysis is on whether the State made " 'timely use of the legal mechanisms available to compel the witness' presence in court' ". *Adamski*, 111 Wn.2d at 579 (quoting *State v. Toliver*, 6 Wn. App. 531, 533, 494 P.2d 514 (1972)). The interagency mail procedure utilized by the prosecutor's office is reasonable and clearly calculated to assure the presence of police witnesses at trial. To require that every police officer be personally served would be extremely costly and would impose an excessive and unnecessary administrative burden on the State. We therefore conclude that the interagency mail procedure used by the King County Prosecutor to subpoena officers within

---

[3]The issuance and service of subpoenas in juvenile cases is governed by CR 45(c). *See* JuCR 1.4(a), (b); CrR 4.8. CR 45(c) provides:

"**Service.** A subpoena may be served by any suitable person over 18 years of age, by exhibiting and reading it to the witness, or by giving him a copy thereof, or by leaving such copy at the place of his abode. When service is made by any other person than an officer authorized to serve process, proof of service shall be made by affidavit."

its jurisdiction meets the requirements of *Adamski* when the officer in fact receives the subpoena.[4]

McPherson also argues that the State failed to exercise due diligence by failing to ascertain in a timely manner whether the unavailable witness was in fact a critical witness. While the prosecutor stated at the November 29, 1989, hearing that Officer Rossen was not in fact a critical witness, that conclusion is not supported by the record. The nature of the officer's testimony at trial establishes that he was indeed a critical witness. We thus do not reach the question of whether a party's failure to ascertain that a witness was not in fact a critical witness in these circumstances fails to meet the due diligence requirement.

■ Finally, McPherson argues that the trial court erred in concluding that the prosecutor exercised due diligence in assuming that the lack of any response to his note stating that Officer Rossen would be unavailable indicated that defense counsel would not object to a continuance. A party who knows that a critical witness will be unavailable is ordinarily responsible for notifying opposing counsel in a timely manner and assuring that opposing counsel is in fact aware of the witness' unavailability. Thus, simply sending opposing counsel a note and assuming that her failure to respond constituted acquiescence would not be sufficient in a situation where prompt notification would have obviated the need for a continuance in the first place.

Here, however, the officer failed to notify the prosecutor that he was leaving until the day he actually left, thereby foreclosing any opportunity to preserve his testimony in a manner that would have allowed the trial to proceed as scheduled. There was nothing more the State could have done that would have allowed for trial prior to the expira-

---

[4]In relying on interagency mail to serve police officers, however, it is the State which assumes the risk that the individual officer will not receive the subpoena. In such a case, the State would not be able to demonstrate that it had made "timely use of the legal mechanisms available" and, under *Adamski*, the trial court could not grant a continuance pursuant to JuCR 7.8(e)(2)(ii).

tion of the speedy trial date. There was thus no lack of due diligence on these facts.

Affirmed.

WEBSTER, A.C.J., and FORREST, J., concur.

Review denied at 119 Wn.2d 1014 (1992).