[No. 29094-1-I.   Division One.   January 11, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. DEMECO M.
DUGGINS, *Appellant.*

*Jessica Ryan* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Sally Olsen, Deputy,* for respondent.

FORREST, J. — Demeco Martinez Duggins, a juvenile, appeals his conviction of possession with intent to deliver a controlled substance. Duggins contends that his conviction must be vacated and the case dismissed solely because the trial court granted a 2-day continuance when the police officer was unavailable on the date of the fact-finding hearing.[1] We disagree and affirm.

On May 24, 1991, Duggins was charged in juvenile court with one count of possession of a controlled substance (cocaine) with intent to deliver.

The hearing was originally scheduled for August 7, 1991. On that day, the State moved for a continuance of 1 or 2 days because one of the State's witnesses, Officer Lone, had not responded to the subpoena and was not present to testify.[2] The State served Officer Lone's subpoena on the police department and claimed that it left messages at the department and with the officer's colleagues directing Officer Lone to appear at the hearing.

---

[1] Accordingly, it is unnecessary to review the facts of the offense which incontrovertibly establish Duggins's guilt.

[2] The State informed the trial court that another police officer was also absent but that the prosecution could proceed without him. The State maintained that Officer Lone's testimony was critical to the case because it would involve chain of custody on the charge of possession with intent.

Defense counsel objected to the continuance and moved to dismiss on the ground that Officer Lone had not been personally served with the subpoena. Noting that the continuance would not extend the hearing beyond the speedy trial period, the court granted a 2-day continuance. The court reserved ruling on Duggins's motion to dismiss pending a determination of whether Officer Lone had actually received the subpoena. At the hearing the following day, the State informed the court that Officer Lone never received the subpoena. The court denied the motion to dismiss.

Duggins was tried well within the speedy trial time provided by JuCR 7.8 so the speedy trial period was not violated. He argues, however, that there is no distinction between a continuance within the speedy trial time limit and a continuance outside it, relying on the language of JuCR 7.8(e)(2)(ii):

> Continuances or other delays may be granted as follows:
>
> . . . .
> (2) On motion of the prosecuting attorney if:
>
> . . . .
> (ii) the State's evidence is presently unavailable, the prosecution has exercised due diligence, and there are reasonable grounds to believe that it will be available within a reasonable time[.]

We disagree. No case has explicitly held that the limitations on continuances contained in JuCR 7.8 apply equally to continuances within and without the speedy trial period.[3] Nor do we find any compelling policy reason to ignore this distinction. Indeed, there are compelling reasons to treat the two situations differently.

■ Dismissal with prejudice of charges against a defendant convicted in a fair trial is a Draconian penalty. It frustrates the public interest in punishing those otherwise duly convicted of crimes and can only be justified by a compelling public policy. There is no more authoritative statement of

---

[3] Both *State v. Adamski*, 111 Wn.2d 574, 761 P.2d 621 (1988) and *State v. McPherson*, 64 Wn. App. 705, 829 P.2d 179, *review denied*, 119 Wn.2d 1014 (1992) relied upon by Duggins involve continuances beyond the speedy trial period.

public policy than the federal and state constitutions. However, even constitutional errors at trial need not result in reversal if the error is harmless beyond a reasonable doubt. This doctrine was developed to protect the central purpose of a criminal trial, determining a defendant's guilt or innocence, and to promote "public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error." *Delaware v. Van Arsdall*, 475 U.S. 673, 681, 89 L. Ed. 2d 674, 106 S. Ct. 1431, 1436 (1986).

For example, in *Griffin v. United States*,[4] the Supreme Court held that an instruction which permitted conviction on an alternative means of committing a crime that was not supported by the evidence did not require reversal. In *Arizona v. Fulminante*,[5] the Court found that even a coerced confession did not necessarily require reversal of the conviction.

The Washington Supreme Court has affirmed convictions involving substantial errors. For example, in *State v. Whelchel*,[6] the court affirmed a conviction of first degree murder even though the trial court admitted self-serving, tape-recorded statements of two codefendants that were not admissible as statements against penal interest under ER 804(b)(3) or the confrontation clause. In *State v. Wheeler*,[7] the court affirmed a conviction where the trial court admitted the defendant's answer to a detective's question concerning his acquaintance with a codefendant given after the defendant had twice asserted his right to remain silent.

These cases illustrate the courts' concern to avoid retrials. Dismissal with prejudice is obviously far more damaging to the public interest in punishing the guilty than a retrial. Nonetheless, the Supreme Court as a matter of public policy has chosen to establish speedy trial time limits by court rule

---

[4] ___ U.S. ___, 116 L. Ed. 2d 371, 112 S. Ct. 466 (1991).

[5] 499 U.S. 279, 113 L. Ed. 2d 302, 111 S. Ct. 1246 (1991).

[6] 115 Wn.2d 708, 801 P.2d 948 (1990).

[7] 108 Wn.2d 230, 737 P.2d 1005 (1987).

and to provide that failure to comply therewith requires dismissal of the charge with prejudice. Clearly, violation of the speedy trial rule is not subject to the constitutional harmless error analysis by virtue of the explicit terms of the rule.[8] This is one of the rare classes of cases where a trial court error cannot be remedied by a retrial nor found to be harmless error. Therefore, this court should not impose the same Draconian consequences on a continuance within the speedy trial period that are required by a continuance beyond the speedy trial period unless the Supreme Court has unequivocally so provided. There is simply no rational public policy requiring such an indefensible result.

The establishment of speedy trial limits by rule was designed to insure the prompt disposition of criminal cases in the interest of both the public and the defendant.[9] Obviously, that policy is not violated by a continuance within the speedy trial period. Accordingly, a dismissal for even an improper continuance should be confined to those situations where that consequence is necessary to effectuate the policy of the speedy trial rule. Plainly, in adopting the rule, the Supreme Court wanted to avoid situations where a prosecutor comes into court and says "I'm not ready for trial" and the court routinely grants a continuance that extends the

---

[8] JuCR 7.8(g) states: "If the adjudicatory hearing on a juvenile offense is not held within the time limits in this rule, the information shall be dismissed with prejudice." CrR 3.3(i), a counterpart to JuCR 7.8, provides in part: "A criminal charge not brought to trial within the time period provided by this rule shall be dismissed with prejudice." *See also State v. White*, 94 Wn.2d 498, 501, 617 P.2d 998 (1980) (reaffirming the court's continuous insistence upon strict compliance with CrR 3.3's speedy trial requirement and enforcement of "a sanction of dismissal with prejudice in those instances where the rule was not followed."); *State v. Alexus*, 91 Wn.2d 492, 588 P.2d 1171 (1979) (reversing conviction and ordering dismissal of charges where 6 months elapsed between the filing of the information and the defendant's ordered return to King County from Clark County for trial).

[9] *See Federated Publications, Inc. v. Swedberg*, 96 Wn.2d 13, 17, 633 P.2d 74 (The speedy trial rule "is designed to protect not only the right of the accused to a speedy trial but the interest of the public in seeing that the administration of justice is expedited."), *cert. denied*, 456 U.S. 984, 72 L. Ed. 2d 862, 102 S. Ct. 2257 (1982).

trial beyond the speedy trial period, thus frustrating the purpose of the rule. We are not persuaded that in adopting the rule the Supreme Court meant to abolish the trial court's traditional discretion to grant continuances within the speedy trial time limits so long as the defendant is not unduly prejudiced thereby. In this context, undue prejudice to a defendant means there is some interference with his ability to present his case, for example, the unavailability of a witness or some substantial additional time in custody awaiting trial. It does not mean merely that if the case went to trial without the continuance, the defendant might be acquitted because of the absence of the witness.[10]

We conclude that the limitation on continuances contained in JuCR 7.8 is limited to situations involving a continuance beyond the speedy trial time limit and does not apply to a continuance within that period.

We are confirmed in this view by cases applying CrR 8.3(b).[11] The trial court's authority to grant a dismissal under this rule has been limited to truly egregious cases of mismanagement or misconduct by the prosecutor.[12] It does not extend to acts of simple negligence, as for example, failing to issue one subpoena involving a 1-day or 2-day delay.[13]

---

[10]*See, e.g., State v. Terrovona*, 105 Wn.2d 632, 651, 716 P.2d 295 (1986) (a trial court may grant a continuance when a defendant will not be substantially prejudiced in the *presentation of his defense*); *State v. Guloy*, 104 Wn.2d 412, 428, 705 P.2d 1182 (1985) (same), *cert. denied*, 475 U.S. 1020, 89 L. Ed. 2d 321, 106 S. Ct. 1208 (1986).

[11]CrR 8.3(b) provides: "The court on its own motion in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution and shall set forth its reasons in a written order."

[12]*See, e.g., State v. Stephans*, 47 Wn. App. 600, 736 P.2d 302 (1987) (dismissal under CrR 8.3(b) affirmed where the State encouraged two of its witnesses to disobey the court's discovery order).

[13]*See, e.g., State v. Cantrell*, 111 Wn.2d 385, 758 P.2d 1 (1988) (State's delay of over 2 months in filing escape charges against a juvenile, which delay did not prejudice the defendant, was insufficient grounds upon which to dismiss the charges under CrR 8.3).

■ Criminal convictions should not be set aside for minor acts of negligence by third parties that are beyond the prosecutor's direct control where there is no prejudice to the defendant nor any violation of his speedy trial rights. Duggins's position would mean that once the trial is set in juvenile court, a continuance because of the unavailability of a witness mandates dismissal even though the prosecutor did act with due diligence in utilizing a reasonable and efficient, albeit unsuccessful, way of conveying a subpoena to the officer. For example, if the process server serves a subpoena on the wrong officer because of name similarity, should the case be dismissed? We reject such application of the rule.

■ Finally, even if JuCR 7.8 does apply, it would not require reversal on the facts before us. *State v. McPherson*, 64 Wn. App. 705, 829 P.2d 179, *review denied*, 119 Wn.2d 1014 (1992) holds that the prosecutor's use of King County's interagency mail to provide for the delivery of a subpoena to a police officer does not constitute a lack of due diligence.[14] Duggins relies on a footnote in *McPherson* stating that the State bears the risk that the officer might not actually receive the subpoena.[15] Because the officer in question was served, this is dicta and, in our view, does not follow from the reasoning of the opinion. If the prosecutor acted with due diligence in arranging for the delivery of the subpoena through the interagency mail service, it would be perverse to hold that the prosecutor has become nondiligent because of a slip-up by third parties. The record does not disclose whether the error here took place in the mail room or whether the officer omitted to pick up his mail within the expected time or simply forgot the date. But in any event, we do not find this to establish the prosecutor's lack of diligence.

*State ex rel. Nugent v. Lewis*,[16] relied on by Duggins, does not mandate a contrary result. In that case, the court stated

---

[14]*McPherson*, at 708-09.

[15]*McPherson*, at 709 n.4.

[16]93 Wn.2d 80, 605 P.2d 1265 (1980).

that the "unexcused absence of a subpoenaed witness at the time of trial is not good cause for a continuance under JCrR 3.08."[17] *Lewis*, 93 Wn.2d at 84.[18]

*Lewis* is distinguishable and not controlling. Cases subsequent to *Lewis* have recognized that the court's holding should not be interpreted as a blanket statement that a court may never grant a continuance when a subpoenaed witness's absence at trial is unexcused.[19] In *State v. Henderson*,[20] this court held the trial court did not abuse its discretion by granting a continuance under former CrR 3.3(e)(2)(ii)[21] in

---

[17]At the time the continuance in *Lewis* was granted, JCrR 3.08 provided in part: "Continuances may be granted to either party for good cause shown. . . . If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown." The rule was later amended and read as the current version of CrRLJ 3.3(h).

[18]*Lewis* is, indeed, a puzzling case and the precise basis of its rather cryptic holding obscure. Taken literally, it would mean that an essential subpoenaed officer could, in effect, "pardon" the defendant by deliberately staying away. Indeed, any essential witness could produce the same result. We cannot believe the Supreme Court intended any such results. However, if a prosecutor has duly subpoenaed a witness and the witness does not appear, what kind of an "excuse" is the prosecutor supposed to offer? Surely, confronted with the unexcused absence of a subpoenaed witness, the court must have the power to continue the case long enough to ascertain the reasons for nonappearance. These might range from the witness being in an intensive care unit of a hospital, or being delayed by a traffic jam, or simply negligently forgetting the date of his appearance, to the witness making a deliberate choice not to appear. No indication is given as to what would constitute "a good excuse". Fortunately, the holding is not directly applicable to our case.

[19]*See, e.g., Bellevue v. Vigil*, 66 Wn. App. 891, 894, 833 P.2d 445 (1992) (*Lewis* "does not stand for the proposition that a continuance may never be granted when a subpoenaed witness' absence at trial is unexcused."). The court in *Vigil* affirmed the District Court's denial of a second continuance and dismissal of the case, however, because the City attempted to contact its witness only by telephone and, after discovering it had been disconnected, failed to attempt to contact her by other means. Additionally, the District Court's granting of the first continuance extended the trial beyond the speedy trial period.

[20]26 Wn. App. 187, 611 P.2d 1365, *review denied*, 94 Wn.2d 1008 (1980).

[21]At the time the continuance was granted, CrR 3.3(e)(2)(ii) was identical to the current version of JuCR 7.8(e)(2)(ii).

order to permit the State to secure the presence of an eyewitness. The continuance extended the trial *beyond* the speedy trial period by over 3 weeks. The prosecutor presented reports of a detective who had searched for the missing witness, against whom a probation violation warrant was outstanding. The detective had spoken to the witness's father and enlisted the assistance of the Drug Enforcement Administration and other local law enforcement agencies. Eventually, the witness had to be arrested as a material witness in order to secure his appearance. By affirming the continuance, this court distinguished *Lewis* on several grounds. First, the language of the applicable court rules differed between the two cases.[22] Second, the trial court in *Henderson* found justifiable cause for the witness's unavailability, "namely, the State's due diligence, and its reasonable expectation that the witness would be available on the date for which the trial was reset." *Henderson*, at 192. Third, the defendant failed to show prejudice from the delay.

In *State v. Nitschke*,[23] the court recognized that the granting of a continuance within the speedy trial period is a matter within the discretion of the trial court[24] and that *Lewis* does not mandate dismissal under all circumstances when the State's witnesses fail to appear. The court also noted that the State exercised due diligence by making several attempts to locate the witnesses and secure their presence at trial. As in *Nitschke*, here the State's efforts to secure Officer Lone's attendance coupled with the fact that Duggins was not unduly prejudiced in his defense by the delay compels the conclusion that the trial court did not abuse its discretion by granting the continuance under

---

[22]The continuance in *Lewis* was granted under former JCrR 3.08 (see footnote 17); the continuance in *Henderson* was granted under CrR 3.3(e)(2)(ii), which was identical to the current version of JuCR 7.8(e)(2)(ii) (see page 398).

[23]33 Wn. App. 521, 655 P.2d 1204 (1982).

[24]The court held "that the trial court did not abuse its discretion in granting the continuances." *Nitschke*, at 524.

JuCR 7.8 that did not extend the trial beyond the speedy trial period.

In any event, as was the case in *Henderson* and *Nitschke*, *Lewis* does not apply to the factual situation here presented. *Lewis* did not involve a continuance under JuCR 7.8, but rather under former JCrR 3.08.[25] Since the witness in question in *Lewis* had been subpoenaed, the court had no cause to analyze whether the State exercised due diligence and whether the defendant had been prejudiced by the continuance — the issue before us. The holding that the "unexcused absence" required dismissal can scarcely apply to Officer Lone who, since he did not know he was wanted, can hardly be guilty of an "unexcused absence".

Nor does our decision in *State v. Gowens*[26] compel a contrary result. The continuance in *Gowens* was granted under former JCrR 3.08[27] and not JuCR 7.8, as here. As in *Lewis*, the trial court in *Gowens* granted the continuance on the ground that good cause existed and did not address whether the State used due diligence or whether the defendant would be prejudiced by the continuance. On appeal, this court held that former JCrR 3.08 was to be interpreted consistently with its superior court counterpart, CrR 3.3.[28] The court cited several cases construing CrR 3.3[29] in which the court found due diligence when an absent witness had been subpoenaed and found a lack of due diligence where no sub-

---

[25]See footnote 17.

[26]27 Wn. App. 921, 621 P.2d 198 (1980).

[27]See footnote 17.

[28]*Gowens*, 27 Wn. App. at 924 (citing *State v. Mack*, 89 Wn.2d 788, 576 P.2d 44 (1978)). The court specifically referred to CrR 3.3(e)(2)(ii) as the section with which former JCrR 3.08 was to be interpreted consistently.

[29]*State v. Smith*, 56 Wn.2d 368, 353 P.2d 155 (1960); *State v. Henderson*, 26 Wn. App. 187, 611 P.2d 1365 (1980); *State v. Yuen*, 23 Wn. App. 377, 597 P.2d 401, *review denied*, 92 Wn.2d 1030 (1979); *State v. Toliver*, 6 Wn. App. 531, 494 P.2d 514 (1972).

poena had been issued. Because the State failed to offer any explanation as to why its witnesses had not been subpoenaed, the court in *Gowens* concluded that the State had not exercised due diligence and that, therefore, the continuance had been granted without good cause.[30] By contrast, it is undisputed that the State issued a subpoena to compel Officer Lone's presence at the fact-finding hearing. Additionally, the State left messages at the police department and with Officer Lone's colleagues. The situation here thus differs significantly from that in *Gowens* and our decision in this case does not conflict with *Gowens*.

Affirmed.

WEBSTER, C.J., and GROSSE, J., concur.

---

[30]*Gowens*, at 925-26. The court's holding indicates its belief that if all of the factors set forth in CrR 3.3(e)(2)(ii), which were identical to the current version of JuCR 7.8(e)(2)(ii), then "good cause" would exist to grant a continuance.