38 P.3d 1049 (2002)
STATE of Washington, Respondent,
v.
Peter H. MOEN, Appellant.
No. 20303-4-III.
Court of Appeals of Washington, Division 3, Panel Six.
January 31, 2002.
Reconsideration Denied March 18, 2002.
*1050 Paul B. Mack, Attorney at Law, Spokane, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, III, Deputy Prosecuting Attorneys, Spokane, for Respondent.
SCHULTHEIS, J.
The Spokane County prosecutor's office has a policy to refuse plea negotiations when compelled to disclose the identity of a confidential informant. In challenging a civil forfeiture, Peter Moen sought the name of the confidential informant who was instrumental in his arrest for selling marijuana. He obtained the name of the informant, but was unsuccessful in his attempt to recover the property seized pursuant to his arrest. Eight months later the State filed a criminal information charging Mr. Moen with delivery and possession with intent to deliver, RCW *1051 69.50.401. Mr. Moen unsuccessfully moved to dismiss for governmental misconduct (CrR 8.3(b)), based on the policy against plea negotiations, and for a speedy trial violation. After a bench trial on stipulated facts, he was found guilty of the charges.
On appeal, he contends that by the State's retention of his seized property, he was "`held to answer'" (Appellant's Br. at 16-17) too long for the purposes of the speedy trial rule, CrR 3.3. He also contends he was prejudiced when the State refused to plea bargain because he sought the informant's identity. We find no speedy trial violation. Further, although we find the State's misuse of the criminal process arguably unethical, we find no prejudice to Mr. Moen's right to a fair trial, and affirm.

FACTS
In January 2000, Spokane police used an informant (called a "Cooperative Individual" or "CI") to conduct a "controlled buy" of marijuana from Mr. Moen. Clerk's Papers at 119. About a month later, police arrested Mr. Moen for selling marijuana. At the time of his arrest, the police department seized his 2000 Ford Taurus, $57 in cash, a cellular telephone, and a pager. Five days later, Mr. Moen was released without conditions pursuant to CrRLJ 3.2.1(f) (release from jail if no complaint or information has been filed within 72 hours of the preliminary appearance). He filed a claim of ownership and demand for return of his property in March 2000. RCW 69.50.505(e). During preparations for the civil forfeiture hearing, Mr. Moen's counsel requested the name of the CI. A police department lieutenant told him that if the CI's identity were revealed at the forfeiture hearing, the State would not enter into plea negotiations on the related criminal charges. The CI's identity was revealed at the hearing, which concluded with the police department retaining the property.
In October 2000, the State filed an information charging Mr. Moen with two counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver. Mr. Moen moved to suppress the evidence pursuant to CrR 3.3 for violation of his speedy trial rights and CrR 8.3(b) for prosecutorial misconduct. Although the trial court found it arbitrary and unethical that the State would forego plea negotiations if the defendant demanded disclosure of the CI's identity, the court also found that the prosecutor's misconduct here did not prejudice Mr. Moen. Further rejecting Mr. Moen's speedy trial argument, the trial court denied the motion to suppress. Mr. Moen's bench trial on stipulated facts resulted in findings of guilt on all three counts.

COMMENCEMENT OF SPEEDY TRIAL PERIOD
Mr. Moen first contends his time for trial should have commenced running on the date he was released from police custody without the property that was seized for civil forfeiture. Under CrR 3.3(c)(1), a defendant who is not detained in jail nor subjected to conditions of release must be brought to trial no later than 90 days after the date of arraignment. Failure to comply with the speedy trial limits requires dismissal of the charge with prejudice. State v. Michielli, 132 Wash.2d 229, 245, 937 P.2d 587, 71 A.L.R.5th 705 (1997) (citing State v. Duggins, 68 Wash.App. 396, 399-400, 844 P.2d 441, aff'd, 121 Wash.2d 524, 852 P.2d 294 (1993)). The Washington Supreme Court in State v. Fulps, 141 Wash.2d 663, 669, 9 P.3d 832 (2000) extrapolated from CrR 3.3 that the time for trial commences running from the date the charge is filed or, if the defendant has been continuously held in custody or on bail or recognizance, from the date the defendant is "held to answer" (citing 2 ABA, STANDARDS FOR CRIMINAL JUSTICE std. 12-2.2(a), at 12-17 (2d ed.1980)). The defendant in Fulps posted bail and was released without a release order, but was never given a means of exonerating his bail. Five months later, the State filed charges against Mr. Fulps. The Supreme Court held that his release by posting bail held him to answer until such time as the State brought him to trial or exonerated his bail. Accordingly, his time for trial was within 90 days of the date he was released on bail. Fulps, 141 Wash.2d at 669, 9 P.3d 832.
Mr. Moen contends he was held to answer from the date he was released from jail without his property. Although he admits *1052 he was released without bail or conditions of release, he argues that his car and other seized property remained in jeopardy of forfeiture pending resolution of the criminal charges against him. He apparently misunderstands the nature of the civil forfeiture proceedings.
Civil forfeiture, in this case under RCW 69.50.505, is an in rem action against property that is, in a legal fiction, held guilty and condemned for its involvement in the manufacture, sale, or possession of controlled substances. United States v. Ursery, 518 U.S. 267, 283, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). These civil proceedings target the property using distinctly civil procedural mechanisms. State v. Catlett, 133 Wash.2d 355, 366, 945 P.2d 700 (1997). The forfeiture is no part of the punishment for the offense. Various Items of Personal Property v. United States, 282 U.S. 577, 581, 51 S.Ct. 282, 75 L.Ed. 558 (1931). As noted in Catlett, 133 Wash.2d at 366-67, 945 P.2d 700, "`Seizure and forfeiture are civil processes and are independent of the outcome of any criminal charges that might be brought against the owner of the property'" (quoting FINAL LEGISLATIVE REPORT, 2SHB 1793 (1989) at 119).
Because the civil forfeiture was completely independent of the decision to file criminal charges against Mr. Moen, his property was not held pending the filing or resolution of those charges. Accordingly, the impending forfeiture of the property did not hold Mr. Moen to answer after his release from jail, and his time to trial did not commence until the information was filed. CrR 3.3.

DUTY OF PROSECUTOR TO PLEA BARGAIN
Mr. Moen next addresses the trial court's decision regarding the prosecutor's policy on disclosure of a CI's identity. Citing MacDonald v. Musick, 425 F.2d 373 (9th Cir. 1970), the trial court concluded that the Spokane County prosecutor's office had an arbitrary policy to refuse to plea bargain if a defendant compelled disclosure of a CI's identity in a civil foreclosure action related to the criminal charges. Nevertheless, the trial court decided that Mr. Moen failed to prove he was prejudiced by this policy, and denied his motion to dismiss the charges on this basis. Mr. Moen contends prejudice is presumed when a prosecutor engages in such an arbitrary, unlawful practice.
Pursuant to CrR 8.3(b), a court "in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution" and "shall set forth its reasons in a written order." The denial of a motion to dismiss on this basis is reviewed for abuse of discretion. Michielli, 132 Wash.2d at 240, 937 P.2d 587; State v. Garza, 99 Wash.App. 291, 295, 994 P.2d 868, review denied, 141 Wash.2d 1014, 10 P.3d 1072 (2000). To support dismissal, the defendant must show two things: (1) arbitrary action or governmental misconduct, and (2) prejudice affecting the defendant's right to a fair trial. Michielli, 132 Wash.2d at 239-40, 937 P.2d 587. Because dismissal of charges is an extraordinary remedy, it is available only in "truly egregious cases of mismanagement or misconduct by the prosecutor" and when prejudice to the defendant materially affected the right to a fair trial. Duggins, 68 Wash.App. at 401, 844 P.2d 441; Garza, 99 Wash.App. at 295, 994 P.2d 868 (citing City of Seattle v. Orwick, 113 Wash.2d 823, 830, 784 P.2d 161 (1989)).
We first note that the record supports the trial court's finding that the prosecutor's office misused its power. In effect, the policy of the department attempts to prevent a defendant from challenging the CI in the civil forfeiture action by threatening to withdraw the possibility of a plea bargain in the related criminal charges. A prosecutor is held to the canon of ethics, which prohibits misuse of the criminal process to gain advantage in a civil matter. MacDonald, 425 F.2d at 376 (citing the ABA Code of Professional Responsibility). In MacDonald, the prosecutor withdrew a motion to dismiss the charges and added an additional charge when the defendant refused to stipulate that his arrest for drunken driving was supported by probable cause. The Ninth Circuit reversed the defendant's conviction, holding that the prosecutor's actions were improper and violated the defendant's state and federal civil rights. Id. at 377. Although the prosecutor here did not *1053 withdraw a motion to dismiss and did not add charges when Mr. Moen challenged his civil forfeiture, the State attempted to coerce a forfeiture of Mr. Moen's right to conduct civil discovery by misusing its power to enter into plea negotiations on criminal charges.
Such tactics are arguably unethical. However, the record supports the trial court's decision that any misconduct was not egregious enough under these circumstances to support dismissal of the criminal charges. See Garza, 99 Wash.App. at 295, 994 P.2d 868. Mr. Moen did, by all accounts, get a fair trial. He had no right to a plea bargain, State v. Wheeler, 95 Wash.2d 799, 804, 631 P.2d 376 (1981) (no constitutional right to a plea bargain), and he cannot show any real likelihood that the State would have agreed to plea bargain anyway. He obtained the CI's identity for both the civil and criminal actions and was not fettered in defending either action. On this record, the prosecutor's misuse of power did not prejudice Mr. Moen's rights to a fair civil hearing or a fair criminal trial. Consequently, the trial court did not abuse its discretion in denying the motion to dismiss the charges. Michielli, 132 Wash.2d at 240, 937 P.2d 587.
Affirmed.
WE CONCUR: KURTZ, C.J. and SWEENEY, J.